CARROLL, DONALD K., Acting Chief Judge.
The defendant in an action to modify a separate maintenance judgment and to dissolve the marriage has taken this interlocutory appeal from an order entered by the Circuit Court for Volusia County denying the defendant’s motion to dismiss the plaintiff’s petition on the ground of improper venue.
The sole point presented for our determination in this interlocutory appeal is whether a wife who has been granted a judgment of separate maintenance in Es-cambia County, Florida, has a venue privi *853 lege which she can assert as a defense to her husband’s petition, filed in Volusia County, Florida, seeking modification of the judgment of separate maintenance and dissolution of their marriage, when the husband has established residence in Volu-sia County.
The timetable of events pertinent in our present consideration is as follows:
On April 3, 1965, the parties to this action, residing in Escambia County, were separated, and immediately thereafter the husband moved to Daytona Beach in Volu-sia County, where he has since resided.
About two years later the wife instituted an action against the husband in the Circuit Court for Escambia County and in July of 1967 obtained a final judgment for separate maintenance.
On October 13, 1972, the husband filed a sworn petition in the Circuit Court for Volusia County seeking a modification of the final judgment for separate maintenance and, in addition, a dissolution of the marriage.
The wife then filed a motion to dismiss the said petition on the ground of improper venue, which motion was denied by the Circuit Court for Volusia County in the order from which this interlocutory appeal was taken.
In her appellate brief the appellant-wife correctly and candidly “concedes venue is proper so far as the cause of action for modification is concerned, but venue is improper so far as the cause of action for dissolution of marriage is concerned.” The liberality of these venue provisions is not questioned by appellant and she concedes the need for liberal provisions in true modification actions.
This well-founded concession activates the rule established in Florida that, where two or more causes of action are joined and venue is properly laid as to one, a motion to dismiss for improper venue should be denied. See, for instance, Stein-hardt v. Palm Beach White House No. 3, Inc., 237 So.2d 590 (Fla.App.1970).
This rule is based upon Sec. 47.041, Florida Statutes, F.S.A., which provides:
“47.041 Actions on several causes of action. — Actions on several causes of action may be brought in any county or district where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.”
Since we find that this interlocutory appeal is without substantial merit, that appeal, pursuant to Rule 4.2, subd. c, Florida Appellate Rules, 32 F.S.A., must be and it is
Dismissed.
RAWLS and JOHNSON, JJ., concur.