283 So.2d 41 (1973)
Milton LAWRENCE, Petitioner,
v.
Catherine H. HETHCOX, Respondent.
No. 42373.
Supreme Court of Florida.
September 5, 1973.
*42 Alan R. Schwartz, Horton, Schwartz & Perse, and Welsh & Carroll, Miami, for petitioner.
Charles A. Hayes, Preddy, Haddad, Kutner & Hardy, Miami, for respondent.
McCAIN, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Third District, reported at 260 So.2d 909, which conflicts with Highland Insurance Company v. Walker Memorial Sanitarium and Benevolent Association, 225 So.2d 572 (Fla.App.2d, 1969). We have jurisdiction pursuant to Fla. Const., Article V, Section 3(b)(3) (1973), F.S.A.
Plaintiff-petitioner brought a negligence action against Hethcox for injuries sustained in an automobile accident on November 26, 1970. Subsequently, petitioner sought to amend his complaint to add one James Gist as a party defendant. In substance, petitioner alleged that he was involved in a second collision on January 5, 1971 with an automobile owned and operated by Gist; that the injuries sustained in both accidents were overlapping and not apportionable; that he was desirous of joining Gist "Because of the difficulties in apportionment of damages ... and to allow the jury to determine which defendant is responsible for the plaintiff's respective injuries"; and that the "rights of the parties will not be prejudiced by this amendment. However, if leave is not granted the Plaintiff's rights will be greatly prejudiced for each defendant will allege that the Plaintiff's injuries were caused by the other defendant".
With the motion for joinder petitioner submitted a proposed amended complaint suing Hethcox and Gist individually and jointly and alleging, inter alia:
"1. That this is an action for damages in excess of Five Thousand Dollars ($5,000.00).
"2. That on or about the 26th day of November, 1970, the Defendant, CATHERINE H. HETHCOX, was the owner and operator of a motor vehicle on State Road 826 at or near its overpass with S.W. 24th Street, Dade County, Florida.
"3. That at the above mentioned time and place the Defendant negligently maintained or operated said motor vehicle so as to cause it to collide with the rear of a motor vehicle in which the Plaintiff was riding.
"4. That as a direct and proximate result of the aforementioned negligence the Plaintiff was injured as more specifically detailed below.
"5. That on or about January 5, 1971 the Defendant, JAMES GIST, was the owner and operator of a motor vehicle on *43 State Road 5 at or near its intersection with State Road 94.
"6. That at the above mentioned time and place the Defendant, JAMES GIST, negligently maintained or operated said motor vehicle so as to cause it to collide with a motor vehicle in which the Plaintiff was riding.
"7. That as a direct and proximate result, the Plaintiff sustained serious personal injuries specified below.
"8. That as a direct and proximate result of each tort specified and alleged above in their individual capacities and as a result of their concurring and superimposing affect [sic] upon the Plaintiff's physical well-being, he was injured in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of such injuries, was hospitalized, suffered physical handicap, suffered aggravation of a pre-existing condition and his working ability was impaired; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairment in the future.
"9. That said injuries were caused completely by the negligence of the Defendant, CATHERINE H. HETHCOX, as superimposed upon the Plaintiff's pre-existing disability or in the alternative were completely caused or aggravated by the negligence of the Defendant, JAMES GIST, or in the alternative the Plaintiff's damages and present state of health is of such a nature that a determination cannot be made as to the apportionment between the Defendants listed above, and the Plaintiff is entitled to recover his damages from both Defendants in their joint capacity.
"10. That as a result of the negligence of each Defendant in their individual capacity, the Plaintiff's motor vehicle has been damaged and he has incurred financial obligations in the repair of same."
The Circuit Court denied the joinder motion in a form order. On common law certiorari to the District Court of Appeal, Third District, the action of the trial court was sustained as follows: "Per Curiam. Certiorari denied."
We granted certiorari because of apparent conflict with Highland Insurance Co. v. Walker Memorial Sanitarium and Benevolent Association, supra. In that case, a medical malpractice acton, Dr. Courtney operated on plaintiff for a back injury. Therefore, after a second operation involving the same area of plaintiff's back was performed by Dr. Larsen. Damage to plaintiff's spinal cord was allegedly caused, and plaintiff brought suit for negligence against both surgeons. However, on motion of Dr. Larsen, the trial court severed the actions for trial pursuant to Rule 1.270 (b), RCP, 30 F.S.A. Plaintiff took an interlocutory appeal to the District Court of Appeal, Second District. That court reversed the order below holding that under Rule 1.210(a), RCP, the joinder was proper even though the alleged negligent acts were not concurrent and arose in different counties and ordered a single trial. In part the District Court was persuaded by the decision of the California Supreme Court in Kraft v. Smith, 24 Cal.2d 124, 148 P.2d 23 (1944). In that case the California Court noted, among other things:
"... Certainly neither defendant is liable for any injury caused by the independent tort of his codefendant, to which he himself did not proximately contribute. If upon the trial it develops that neither defendant was guilty of negligence then no prejudice will have been occasioned by their joinder in the one action. If it develops that only one defendant was negligent in his treatment the assessment of the verdict will be simple. If, on the other hand, it appears that negligence of both defendants contributed proximately to cause an injury for which plaintiff is entitled to recover, it may be a matter entailing great difficulty *44 of proof as to the amount in which each defendant is responsible... . To require separate actions and separate trials in such a situation would enhance the difficulties of proof and tend to obstruct, rather than to promote, justice. The facts that defendants reside (and practice) in different counties and that one of them may have to attend court and present his defense in a county other than that of his residence, present a consideration which must be presumed to have been hypothetically weighed by the Legislature in enacting the law."
It is true that in Kraft the California Court was construing a California statute somewhat different in content than Rule 1.210(a), RCP. However, in our view the construction adopted therein is compatible with the provisions of the Florida Rules of Civil Procedure, especially, (as the District Court noted in Highland) in light of the public policy of this State as expressed in Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969) favoring,
"... the elimination of multiplicity of suits and unreasonable impediments to the remedial process of adjudication of adversary rights conferred by the operation of substantive principles of law... ."
Thus, in our judgment, the District Court of Appeal, Second District, announced the better rule in the Highland decision, supra, and we accordingly conclude that the trial court in the case sub judice abused its discretion in denying the motion for joinder sought by plaintiff. Moreover, inasmuch as the order of the trial court failed, in a manner calculated to cause material and irremediable injury to plaintiff, to conform to the essential requirements of law, the District Court also erred in denying the petition for writ of certiorari.
In so deciding, we note that should it clearly appear from pretrial discovery measures that the damages sustained in the two accidents are readily apportionable, and that joinder was therefore improper, then the trial judge in the exercise of his sound discretion may order severance for trial purposes pursuant to Rule 1.270 (b). In such event neither party would be bound by the terms of the judgment against the other. On the other hand, should it become apparent as a result of pretrial discovery measures that although joinder was proper because of difficulty or impossibility of apportionment of damages, prejudice to either defendant would nevertheless result from a single trial, severance for trial purposes only would be permissible with the same limitations as provided in Shingleton v. Bussey, supra, and Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970). Essentially, the effect of those cases is to permit severance but to require the moving party to be bound by the resulting judgment. In Shingleton, we observed:
"If it should clearly appear in pretrial procedures that joinder of the insurer interposes issues between insured and insurer in particular case situations likely to unduly complicate trial of the questions pertaining to the liability of the insured to the injured third party and commensurate damages to be awarded, it would be a simple process under our liberal civil rules for the trial judge on timely motion to sever such complicating issues between insurer and insured for separate trial or adjudication. But such separation for adjudication of issues between insurer and insured would not remove from the case the identity of all parties joined nor their claims and defenses and their right to participate and protect their respective interests."
We clarified our position in this respect in Beta Eta House, supra, wherein we held:
"If coverage is admitted or determined by a prior trial, the carrier is bound by the ultimate judgment in the trial on the merits to the extent of such elements as the validity of the insurance policy and *45 the amount of the judgment. Following the verdict on the merits, judgment against the insurer within the policy limits may be entered."
Accordingly, the writ of certiorari is granted, the decision of the District Court of Appeal, Third District, is quashed and the cause remanded to the District Court with directions for a further remand to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN and ADKINS, JJ., and SPECTOR, District Court Judge, concur.
CARLTON, C.J., and ROBERTS and DEKLE, JJ., dissent.