ON PETITION FOR REHEARING GRANTED
PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an order granting the motion of the appellees, Weekley and Butler [two of five defendants], for change venue transferring a portion of the cause to the Ninth Judicial Circuit, Orlando, Florida.
On September 16, 1969, the appellant was involved in an automobile accident with a vehicle owned by the appellees, Weekley and/or Dowling, and driven by the appellee, Butler. The accident occurred in Orange County near Orlando. On April 25, 1970, the appellant was involved in an accident in Miami, Dade County, Florida, with a vehicle owned and operated by the appellee, McCarthy. The appellee, Pennsylvania National Mutual Casualty Insurance Company, insured both vehicles. Both collisions were to the rear of the appellant’s vehicle and resulted in injuries to the same parts of his body. The appellant, allegedly because of the fact that the damages could not-be separated, filed the instant suit in the Circuit Court of Dade County joining all the appellees. The appellees, Butler and Weekley, moved for change of venue. After hearing on the motion, the trial court entered the order appealed herein.
We reverse. Upon review of Lawrence v. Hethcox, Fla.1973, 283 So.2d 41,[1] we determine that the trial judge was in error in the order of transfer upon the record as then presented to him and, therefore, upon said authority, hereby reverse the order of transfer with directions to reinstate the cause 'of action against the appellees, Weekley and Butler. Of course, if upon further proceedings it should be determined that an order of transfer or severance could be granted [as indicated in Lawrence v. Hethcox, supra] then the trial judge, upon the record before him, would be entitled to make such an order.
Reversed and remanded, with directions.

. We note that Lawrence v. Hethcox, Fla. 1973, 283 So.2d 41, was decided subsequent to the trial court’s order under review in this matter.