SCHEB, Judge.
Appellant/plaintiff, Michael Wells, was injured in successive automobile accidents; first by an insured motorist and subsequently by an uninsured motorist. It is difficult to apportion Wells’ injuries between the two accidents and affix liability between the two tortfeasors. Wells carries uninsured motorist coverage with the appellee/defendant, Aetna Insurance Co. The issue on this appeal is whether Wells can join Aetna in the law action against the insured motorist.
Plaintiff Wells filed a negligence suit against Oliva Tobacco Company, owner; its insurer; and Martin E. Oliva, as driver of the automobile which struck Wells’ vehicle on or about June 5, 1973. Wells joined as a defendant Aetna Insurance Company under his uninsured motorist coverage, contending that he was struck by Botsbord, an uninsured motorist on August 5, 1973.
The trial court held the plaintiff to be bound by the arbitration provision of his *631 policy with Aetna and granted Aetna’s motion for dismissal.[1] We affirm.
We are in accord with the principle announced in Mullis v. State Farm Mutual Automobile Insurance Co., Fla.1971, 252 So.2d 229, that an uninsured motorist’s carrier must afford its policyholder the same level of protection as if the uninsured motorist had himself purchased liability coverage. In effect, the principles of law appropriate to determination of liability and damages apply; however, arbitration is specified as the method to determine both liability and damages.
Plaintiff Wells cites Lawrence v. Hethcox, Fla. 1973, 283 So.2d 41, for the proposition that joinder should be permitted where successive accidents are caused by separate acts of negligent tortfeasors resulting in injuries not readily separable or susceptible to being apportioned. In Lawrence each of the two separate causes of action sounded in tort. Here, the original cause of action sounded in tort, while in the latter cause of action Wells sought to enforce contractual rights against Aetna. Admittedly, those rights will be determined on the basis of applicable tort law, but to require a carrier furnishing uninsured motorist coverage to be joined in a law action ignores the requirement of arbitration as contemplated by the policy and the Florida Statutes. See Ch. 682, Florida Statutes; Ebens v. State Farm Mutual Automobile Insurance Co., Fla.App.3d 1973, 278 So.2d 674; Sun Insurance Office v. Phillips, Fla.App.2d 1970, 230 So.2d 17.
Wells may sue Botsford, the uninsured motorist. Presumably, as held in Lawrence, he could join Botsford as a defendant in his suit against Oliva and its insurer. He has not elected to do this. Rather, he is seeking here to recover against his own carrier, Aetna, on basis of his contractual coverage. Absent any waiver or estoppel, Aetna has the right to have its liability determined by arbitration as it contracted to do. And, while Wells contends he is deprived of rights he would have had if his injuries resulted from two insured motorists, we simply say that Wells contracted with Aetna to treat his claim involving an uninsured motorist differently from the traditional method of litigating a tort claim. He is bound by that contract.
Affirmed.
McNULTY, C. J., and GRIMES, J., concur.

. While we have not been furnished a copy of the relevant arbitration provision in Wells’ policy, counsel for the parties are in accord that it establishes the arbitration procedures which are standard in uninsured motorist coverage.