NESBITT, Judge.
This is an appeal from a non-final order transferring venue to the Second Circuit in Leon County. We have jurisdiction, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
The plaintiff, a special education teacher, joined by her husband for his derivative claim, sued the Department of Health and Rehabilitative Services (HRS) and various of its employees for an assault committed upon her by a male teenage inmate who had escaped from Dade Halfway House. The defendants were sued in both their representative and individual capacities.[1] The attorney general, representing HRS and the state employees, filed a timely motion for change of venue on behalf of all, which was granted. We affirm the order insofar as it transferred the claims against HRS to the Second Circuit because, under the state agency venue rule, HRS has the absolute privilege, when timely exercised, to have the action tried where the agency maintains its principal headquarters.[2] Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1978).
As to the claims against the employees in their individual capacities, we observe that the election of venue was the prerogative of the plaintiff. Itel-Pas, Inc. v. Jones, 389 So.2d 1085 (Fla. 3d DCA 1980). However, when the state exercised its venue privilege, it was within the trial judge’s discretion whether to grant a transfer with respect to the claims against the defendants individually. Greer v. Mathews, 409 So.2d 1105 (Fla. 1st DCA 1982); Wagner v. Nova University, Inc., 397 So.2d 375 (Fla. 4th DCA 1981). Because there are insufficient facts upon which we can determine whether there was an abuse of discretion in changing venue as to the individual employees, we remand for consideration of the factors enunciated in Section 47.122, Florida Statutes (1979) and Florida Rule of Civil Procedure 1.270 pertaining to separate trials. See Wagner v. Nova University, Inc., supra.
Affirmed in part; remanded in part for further proceedings consistent with this opinion.

. The cause of action in the present case accrued on December 14, 1977 prior to the enactment of Section 768.28, Florida Statutes (1980 Supp.), effective July 1, 1980, which provides immunity to public employees.

. We recognize that the state agency rule has since been partially abrogated by Section 768.-28(1), Florida Statutes (1981), effective October 1, 1981. See Florida Department of Transportation and State of Florida v. Lopez, 415 So.2d 116 (Fla. 3d DCA 1982) (Case no. 82-638, opinion filed June 15, 1982).