COBB, Chief Judge.
Plaintiff, Edith Feeley, appeals from a *497 non-final order[1] which transferred venue as to one of the six defendants.
Plaintiff, as Personal Representative of the Estate of Joseph Feeley, brought an action for wrongful death against four doctors, a nurse and a hospital. All of the defendants resided in Brevard County except Dr. Michael Kohen, who resided in Volusia County. Subsequently, Kohen moved to dismiss the complaint for improper venue, claiming that pursuant to section 47.011, Florida Statutes (1983),[2] he was entitled to be sued where he resided. The trial court found Kohen’s argument to be persuasive and entered an order transferring venue as to Kohen to Volusia County. We reverse.
Kohen’s argument ignores the clear dictates of Section 47.021, Florida Statutes (1983), which provides:
Actions against defendants residing in different counties. — Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.
Thus, under this statute, where several defendants reside in different counties, the plaintiff may sue all the defendants in any one of these counties. See Highland Ins. Co. v. Walker Memorial Sanitarium & Benevolent Assn., 225 So.2d 572 (Fla.2d DCA), review denied, 232 So.2d 181 (Fla.1969). In E.A.W. v. Orlando Regional Medical Center, Inc., 424 So.2d 189 (Fla. 5th DCA 1983), this court held that the above statute was inapplicable when a plaintiff failed to allege either joint or alternative liability against named defendants for one injury. E.A. W. is distinguishable from the instant case because here plaintiff clearly stated on page one of her complaint that she was bringing the action against the defendants “jointly and severally for damages;” in effect, she is claiming that each defendant committed separate acts which caused or contributed to one ultimate injury: the decedent’s death.
For the foregoing reasons, this case is reversed and remanded with instructions to transfer venue as to Kohen back to Bre-vard County.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.

. Review of such orders is permitted under Florida Rule of Appellate Procedure 9.130(a)(3)(A).

. Section 47.011, Florida Statutes (1983), provides:
Where actions may be begun. — Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.