HERSEY, Chief Judge.
There are two interrelated issues in this appeal from a nonfinal order, and both involve venue. The parties entered into a contractual relationship and established a corporation to carry on the business contemplated by their arrangement. Disagreements arose and the underlying litigation resulted. Appellants filed their complaint in Broward County. Upon appellees’ motion and after notice and hearing, the order which is the subject of this appeal was entered transferring venue to Duval County.
Appellants’ complaint contains four counts: count I for breach of contract, count II for conversion, count III for civil theft, and count IV for corporate dissolution of Royl Concession Supply Co. (ROYL), the corporation organized pursuant to the contract
Appellees’ motion to change venue was based upon the fact that count IV of the complaint for corporate dissolution was required to be brought in Duval County pursuant to a specific venue statute, and that the remaining counts should also be transferred to Duval County, for the convenience of the witnesses and the interests of judicial economy.
*746 On appeal, appellants contend that they selected the proper location for the action in spite of the specific venue statute, and that at any rate, the factual criteria required by the specific venue statute were not met.
Section 47.011, Florida Statutes (1985), provides that “[ajctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is locat-ed_” Appellants contend that the contract in the present case was breached in Broward County. Appellants also contend that since a cause of action on a contract action accrues in the county where the contract is breached, Windsor v. Migliac-cio, 399 So.2d 65 (Fla. 5th DCA 1981), Broward County is the appropriate venue for count I of the lawsuit. Further, section 47.041, Florida Statutes (1985), provides that actions on several causes of action may be brought in any county where any of the causes of action arose, and when two or more causes of action joined arose in different counties, venue may be laid in any of such counties, although the court may order separate trials if expedient. In view of the above statutes, argue appellants, all counts of their complaint were properly brought in Broward County.
Appellants correctly note that the plaintiff in a lawsuit initially selects venue, and that a party seeking a change of venue has the burden of establishing that the initial choice was improper. Inverness Coco-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla.1955); Orange Blossom Enterprises, Inc. v. Brumlik, 430 So.2d 13 (Fla. 5th DCA 1983).
As appellees pointed out below and argue here, however, section 607.274(2), Florida Statutes (1985), provides that proceedings by shareholders of a corporation to liquidate the assets and business of the corporation “shall be brought in the county in which the last known principal office of the corporation, as shown by the records of the Department of State, is situated.” (Emphasis added.) Further, if suit is brought under a specific statute that provides for its own individual venue, then such specifically prescribed venue governs over a general venue statute. Harvey v. Mattes, 484 So.2d 1382 (Fla. 5th DCA 1986); Hughes v. Hughes, 441 So.2d 688 (Fla. 2d DCA 1983); Hedron Construction Company v. District Board of Trustees of Brevard Community College, 420 So.2d 393 (Fla. 5th DCA 1982); Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969). Therefore, argue appellees, since count IV of appellants’ complaint is governed by section 607.274(2), and since that statute provides for its own individual venue, section 607.274(2) governs over sections 47.011 and 47.041 in determining the venue of count IV.
Appellants, relying on Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983), and Costner v. Costner, 263 So.2d 852 (Fla. 1st DCA 1972), argue that specific venue statutes control over general venue statutes only in cases involving one-count complaints. Where there is more than one count in a complaint, contend appellants, venue is proper if it is appropriately based on any of the counts. Neither Crescent Beach nor Jarvis involved a specific venue statute, however, and the general rules in those cases actually say no more than does section 47.041, Florida Statutes (1985). Neither case provides support for appellants’ contention that specific venue statutes govern general venue statutes only in cases of one-count complaints. We therefore conclude that appellants’ argument on this point is without merit, and that the lower court properly looked to section 607.274(2) to determine the venue of count IV of the complaint.
Whether application of section 607.274(2) in the present case required transfer of count IV to Duval County will be discussed presently. If we assume arguendo that the statute did require such a transfer, however, the next question is whether the remaining three counts of the complaint were also properly transferred.
The lower court stated in its order “that Counts I, II and III involve questions of law and fact common to Count IV, and that continued consolidation of all claims brought herein is in the interest of justice *747 and the convenience of the parties and witnesses.”
Appellees contend that transfer of the remaining counts along with count IV was proper, and, relying upon Ezell v. State Department of Health and Rehabilitative Services, 415 So.2d 832 (Fla. 3d DCA 1982), state in their answer brief that “where the trial court determines to transfer certain claims to a different county pursuant to a specific venue statute, it has broad discretion to determine whether also to transfer the remaining claims.”
In Ezell, the plaintiffs sued the Department of Health and Rehabilitative Services (HRS) and several of its employees. The defendants were sued in both their representative and individual capacities. The attorney general, representing HRS as well as the state employees, moved for a change of venue, which was granted. On appeal, the third district affirmed the order insofar as it transferred the claims against HRS, stating that under the state agency venue rule, HRS had the absolute privilege to have the action tried where the agency maintained its principal headquarters. As to the claims against the employees in their individual capacities, the court stated that initially, the election of venue on those claims was the prerogative of the plaintiff — but that when the state exercised its venue privilege, it was within the trial judge’s discretion whether to grant a transfer with respect to the claims against the defendants individually. The court then went on to state that because there were insufficient facts upon which it could determine whether there was an abuse of discretion in changing venue as to the individual employees, it would remand for consideration of the factors enunciated in section 47.122, Florida Statutes, and rule 1.270, Florida Rules of Civil Procedure.
Section 47.122, Florida Statutes (1985), provides that a court may transfer an action to any other court of record in which it might have been brought, for the convenience of the parties or witnesses or in the interest of justice. Rule 1.270 provides that a court may consolidate actions when they involve common questions of law or fact and may separate actions in furtherance of convenience or to avoid prejudice.
In the present case, we agree with the lower court that counts I, II and III involve questions of fact common to count IV. It is difficult to determine, however, on the current state of the record, whether trial of counts I, II and III in Duval County would be convenient for the parties and witnesses.
In their motion to abate and transfer, appellees asserted that the remaining three counts should be transferred to Duval County because, inter alia, “many of the witnesses reside in or near Duval County and the majority of the actions complained of took place therein....” This motion is unsworn, however, and no affidavits or testimony regarding these matters was presented to the lower court. In Davis v. Florida Power Corporation, 492 So.2d 829 (Fla. 2d DCA 1986), the court held that transfer of venue based on convenience was improper where the movant submitted no affidavits or other sworn proof in support of its motion.
Here, since the defendants reside in Du-val County, a trial in that county would certainly be more convenient for them. “A change of venue which would merely shift the inconvenience from the defendant to the plaintiff [however] is not proper.” Fla. Jur.2d, Venue, § 86 (1985).
It has . been held that the primary purpose of venue statutes is to require that litigation be instituted in “that forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action,” and that “[t]he granting or refusal of the application for change of venue is within the sound discretion of the trial court and will not be disturbed upon review absent a demonstration of a palpable abuse or grossly improvident exercise of discretion.” Gaboury v. Flagler Hospital, Inc., 316 So.2d 642, 645 (Fla. 4th DCA 1975).
In the present case, it appears that although the lower court did consider whether trial of the four counts together would be proper, it was unable, due to lack of competent evidence on the issue, to prop *748 erly consider whether Duval County would be a convenient forum for the parties and witnesses on counts I, II and III. We therefore conclude that even if the venue for count IV is properly in Duval County, then here, as in Ezell, the case should be remanded for consideration of the factors enunciated in section 47.122, with regard to counts I, II and III.
Appellants also assert that there was no factual basis for application of section 607.-274(2), because Duval County was not shown to be the location of the “principal office” of ROYL.
As noted earlier, section 607.274(2) provides that venue lies “in the county in which the last known principal office of the corporation, as shown by the records of the Department of State, is situated.” There is apparently no case law interpreting section 607.274(2).
Below, appellees presented a certified copy of the articles of incorporation of ROYL Concession Supply Co., filed with the state of Florida on January 29, 1986, which provide that the “street address of the initial registered office of this corporation is 365 Park Street, Jacksonville, Florida 32204.”
Appellants submitted an “affidavit” of Don Gallagher which stated that since the specific Broward County site for the principal place of business had not yet been determined when the articles of incorporation were filed, only an initial address (that of the Roy Smith Co. in Jacksonville) was provided to the State Department; but that the principal office and in fact the only location of the ROYL Corporation was in Broward County. The affidavit is defective since it was unsworn, however, and it therefore may not be relied upon by the trial court nor given weight here.
Appellants also submitted a copy of a business lease to ROYL for property in Dania, Broward County, a copy of a ROYL business card listing its address as Dania, Florida, a copy of a purchase order listing the ROYL address as Dania, Florida, a copy of a Broward County occupational license issued to ROYL, and copies of several corporate checks listing ROYL’s address as Dania, Florida.
On appeal, appellees maintain that since the only address for ROYL shown on State Department records is in Duval County, venue must lie in Duval County. Appellants maintain that the State Department records completely fail to show the location of the “principal office” of ROYL (although they do show the location of ROYL’s “initial registered office”), and that all other evidence presented establishes that the principal office was in Broward County rather than Duval County.
Excluding the “affidavit,” we agree with appellants that the evidence they presented below tends to indicate that the ROYL business establishment was in Broward County, rather than Duval County. One difficulty, however, is that this fact is not reflected in State Department records; and it is those records which we are apparently required by the statute to consider, in order to determine the location of the corporation for venue purposes.
Section 607.274(2) purports to conclusively provide for the appropriate venue of a lawsuit by the simple act of observing what is shown in State Department records. But what happens if the information sought in the State Department records, i.e., the location of the “principal office” of a corporation, is not shown in those records? Or what if the information is patently incorrect?
Here, appellants insist that there is a meaningful distinction between “principal office” and “initial registered office,” and that the information sought in the State Department records, i.e., the location of the “principal office” of ROYL, was simply not shown in those records. The location of the “initial registered office” which was shown in the State Department records, argues appellants, was not the true location of the “principal office.”
We think that appellants are correct thát “initial registered office” and “principal office” do not mean the same thing. We have been unable to locate any cases defining these terms and they are not defined in Chapter 607, Florida Statutes (Corpora *749 tions) (1985). Several sections in Chapter 607, however, do indicate that there is a distinction between the two. See § 607.164(l)(h) (articles of incorporation must include the street address of its initial registered office); § 607.357(l)(c) (every corporation must file an annual report setting forth, inter alia, the street address of its principal ■ office); § 607.034(l)(a) (each corporation shall have a registered office which may be but need not be the same as its place of business); § 607.041(2)(b) (notice to or demand on a corporation may be by registered mail to its registered office or to its principal office).
We conclude that “principal office” refers to the primary location from which a corporation conducts its business, whereas “initial registered office” is merely a location, to be included in the articles of incorporation, where the corporation may be served with process. Section 607.274(2) regarding venue, of course, refers to the “principal location” of a corporation.
In the absence of any evidence in State Department records of the location of the “principal office” of a corporation, it is only reasonable to look to evidence outside of the State Department records to determine the location of such office.
In their initial brief, appellants state: One can presume that the legislature, in enacting F. S. Section 607.274, intended that a cause of action for corporate dissolution be instituted in the county where the corporation’s last principal office was located since the preponderance of records and activities would logically have been located there as well. In doubtful cases, one could look to the Department of State to determine where, in fact, the last principal corporate address had been located.... To require that [the] litigation [here] under F. S. Section 607.274(2) be conducted in Duval County violates the spirit (if not the letter) of the law.
We are persuaded by this argument, although it could be argued conversely that section 607.274(2) requires that no evidence of a corporation’s principal office, other than that shown in State Department records, is necessary or permitted.
We conclude that while section 607.274(2) is applicable to count IV of this case, the statute should be interpreted so that in the event that State Department records fail to show the “principal office” of a corporation, as here, independent evidence on the question of the location of the corporation’s principal office should be considered.
Appellants argue that they presented sufficient evidence to prove that ROYL’s last known principal office was in Broward County, so the order transferring venue to Duval County should be reversed, and the case transferred back to Broward County. Appellees, however, complain that they did not have sufficient opportunity to attempt to rebut Gallagher’s “affidavit” (which as we have previously indicated, was defective) regarding location of ROYL’s principal business office.
The order appealed is reversed and the case is remanded to permit the lower court to consider evidence presented by both parties on the issues of: (1) the location of the principal office of ROYL and (2) the most convenient forum for counts I, II and III.
REVERSED AND REMANDED.
GLICKSTEIN and STONE, JJ., concur.