695 So.2d 883 (1997)
PROFESSIONAL PLANNING SERVICES, INC., Appellant,
v.
SUNSHINE STAFF LEASING, INC., etc., Appellee.
No. 96-3227.
District Court of Appeal of Florida, Fifth District.
June 20, 1997.
Bernard H. Dempsey, Jr. and Daniel N. Brodersen of Dempsey & Sasso, Orlando, for Appellant.
*884 R. Dean Cannon, Jr. of Gray, Harris & Robinson, P.A., Orlando, for Appellee.
ANTOON, Judge.
Professional Planning Services, Inc. (Professional Planning) appeals the trial court's nonfinal order transferring venue of its lawsuit against Sunshine Staff Leasing, Inc. (Sunshine) for breach of contract and tortious interference with a business relationship from Orange County to Highlands County. We affirm because (1) the parties' contract provided that venue for any breach of contract action lies in Highlands County, and (2) the decision to transfer venue for the tortious interference claim was within the trial court's discretion.
Professional Planning and Sunshine entered into a written contract under which Professional Planning agreed to provide marketing services and to refer employee leasing clients to Sunshine, and in return Sunshine agreed to pay Professional Planning commissions. Professional Planning's principal place of business is in Orange County, while Sunshine's principal place of business is in Highlands County. With regard to venue, the contract provided that "[i]t is agreed that venue and jurisdiction shall be the Circuit Court, County of Highlands, State of Florida."
A dispute between the parties arose, and, as a result, both parties filed suit. Professional Planning sued Sunshine in Orange County, alleging two counts of breach of contract and one count of tortious interference with an advantageous business relationship. A short time later, Sunshine sued Professional Planning in Highlands County for breach of contract. Sunshine then filed a motion to transfer venue of Professional Planning's lawsuit from Orange County to Highlands County, citing the venue provision set forth in the parties' contract. The trial court granted the motion. Professional Planning challenges this ruling, arguing that, as to the tortious interference count, venue was not controlled by the terms of the contract. According to Professional Planning, the trial court could have thereby properly maintained venue over the entire case in Orange County because venue in Orange County was proper as to the tort claim. We disagree.
Parties to a contract can agree to the venue of any action to enforce a contract. Southeastern Office Supply and Furniture Co., Inc. v. Barley, 427 So.2d 1139 (Fla. 5th DCA 1983). When such an agreement exists, it is binding as to all counts for breach of contract, notwithstanding the existence of any additional counts alleging a tort which are included in the same complaint. Derrick & Associates Pathology, P.A. v. Kuehl, 617 So.2d 866 (Fla. 5th DCA 1993). Here, the trial court properly recognized that it was required to transfer venue of Professional Planning's breach of contract counts to Highlands County pursuant to the terms of the parties' contract.
Professional Planning also contends that, even if the trial court was required to transfer venue over the breach of contract counts, it was error to transfer venue over the tortious interference count. Again, we disagree.
When venue over one count of a complaint is transferred to another county, the determination whether to transfer venue over the remaining counts is within the discretion of the trial court. Ezell v. Department of Health & Rehabilitative Services, 415 So.2d 832 (Fla. 3d DCA 1982). Here, there has been no showing that the trial court abused its discretion in transferring venue over Professional Planning's tort claim. Rather, the trial court properly recognized that Sunshine's request for a transfer was proper since Professional Planning's tortious interference count involved the same or similar facts as its breach of contract counts, and Sunshine had already filed a related lawsuit in Highlands County.
AFFIRMED.
COBB and GOSHORN, JJ., concur.