NESBITT, Judge.
Appellees are Florida corporations (members) who.were participants in the Florida Worker’s Compensation Fund (Fund) for all or some of the years 1986 through 1990. The Fund was organized under applicable statutes for the purpose of pooling liability for workers compensation insurance claims. A majority of appellants are current and former Fund trustees (trustees). Each company became a Fund member upon execution of an application and its acceptance, these documents herein collectively referred to as the “contract”. The contract incorporated an indemnity agreemént, providing for each member to become jointly and severally obligated to pay premiums and assessments in connection with their joint and several liability.
As a result of projected deficiencies in assets, an assessment was made against each member. When trustees sought to collect this assessment, members filed a four count complaint in Dade County seeking an accounting and declaratory relief, and alleging negligence for mismanagement and misad-ministration, and breach of a fiduciary duty by -the trustees. Thereafter, trustees filed their Motion to Transfer for Improper Venue, arguing the parties’ contract contained a venue' provision establishing Orange County as venue for an alleged breach of the agreement. The trial court denied the trustees’ motion and the instant appeal followed.
In denying the trustees’ motion, the trial judge followed the members’ argument that because their allegations were in tort, venue was where the members would feel the economic impact of the alleged torts. The members maintained they were asserting no breach of contract claim and thus, the venue provisions of the parties’ agreement did not control. We disagree.
The venue provision, Section (g) of the membership agreement, signed by all members provides:
Orange County, Florida shall be the venue of any and all judicial proceedings in *827 volving collection of premiums or damages for any breach of this agreement. '
Now well established in.Florida law is the principle that contract law protects expectations, tort law is determined by the duty owed to an injured party. For recovery in tort “there must be a showing of harm above and beyond disappointed expectations. A buyer’s desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects.” Casa Clara Condominium Ass’n. v. Charley Toppino & Sons, 620 So.2d 1244, 1246 (Fla.1993). Where there is an underlying contract, the economic loss rule prevents a party from bringing an action in tort without a claim of personal injury. See Airport Rent-A-Car, Inc. v. Prevost Car, Inc., 660 So.2d 628 (Fla.1995). As we recently observed in Comptech International Inc. v. Milam Commerce Park, Ltd., 22 Fla. L. Weekly D2192, — So.2d - (Fla. 3d DCA Sept.17, 1997), the economic loss rule “does not permit a cause of action for economic damages ... where the claims are clearly contractual in nature and the cause of action is inseparably connected to the breaching party’s performance under the agreement.”
Here, at least in part, the members were asserting a contract claim for their unfulfilled economic expectations, regardless of their characterization of their claim as one for negligence. Therefore, the venue provision of the parties’ agreement controlled.. This is the case regardless of the nature of additional counts alleged, all of which involve the same facts and dispute. See Professional Planning Services, Inc. v. Sunshine Staff Leasing, Inc., 695 So.2d 883 (Fla. 5th DCA 1997)(holding transfer of venue of tortious interference with business relationship count of complaint, along with breach of contract count transferred pursuant to venue selection clause of parties’ contract, was justified; tor-tious interference count involved same or similar facts as breach of contract count, and defendant had already filed related lawsuit in county provided for in venue selection clause).
Accordingly, we reverse the trial court’s order denying the trustees’ Motion to Transfer for Improper Venue, and remand for the trial court to enter an order of transfer.