733 So.2d 1135 (1999)
Lynn HEMINGWAY, Appellant,
v.
Edward K. BRESNEY and Marc A. Lewinstein, Appellees.
No. 98-3011.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, for appellant.
Hinda Klein and Brian P. Knight of Conroy, Simberg & Ganon, P.A., Hollywood, for appellees.
HAZOURI, J.
Appellant, Lynn Hemingway (Hemingway), appeals the dismissal of her claim against Edward Bresney (Bresney) based upon improper venue. Alternatively, Hemingway argues that if her claim against Bresney was properly dismissed, the trial court abused its discretion in denying her leave to amend the complaint. We affirm the dismissal of Hemingway's claim against Bresney but reverse the denial of Hemingway's motion for leave to file an amended complaint.
Hemingway was involved in two separate automobile accidents and brought suit against two defendants, Bresney and Mark Lewinstein (Lewinstein). Count I of the *1136 complaint alleged Hemingway was injured in an accident caused by the negligent driving of Bresney in Orange County on October 29, 1995. Count II alleged Hemingway was injured in an accident caused by the negligent driving of Lewinstein in Palm Beach County on January 1, 1998. The complaint was filed in Palm Beach County.
Bresney, an Osceola County resident, filed a Motion to Dismiss/Transfer and Sever Causes of Action and alleged that there was no connection whatsoever between Hemingway's accident with Bresney and her subsequent accident involving Lewinstein. The trial court granted the motion and found that the proper venue for the claim against Bresney was in the Ninth Circuit. This appeal followed.
According to section 47.041, Florida Statutes (1995):
Actions on several causes of action may be brought in any county where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.
Further, where two successive accidents cause the same or similar injuries so that it may be difficult or impossible to apportion the injuries between the two tortfeasors, both claims may be joined in a single action. See Lawrence v. Hethcox, 283 So.2d 41 (Fla.1973); see also Hickey v. Pompano K of C, Inc., 647 So.2d 270 (Fla. 4th DCA 1994). Hemingway's complaint did not allege that the injuries caused by the two accidents were the same or similar, or that they were difficult or impossible to apportion between Bresney and Lewinstein. Absent such allegations, it is clear that the proper venue for the claim against Bresney lies in Orange or Osceola County. See § 47.011, Fla. Stat. (1995)("Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."). Therefore, we hold the trial court did not abuse its discretion in dismissing Hemingway's claim against Bresney without prejudice.
We now turn to whether the trial court erred in failing to grant Hemingway leave to amend her complaint. A trial court's decision to permit or refuse amendment to pleadings should not be disturbed on appeal in the absence of an abuse of discretion. See Horacio O. Ferrea N. Am. Div., Inc. v. Moroso Performance Prods., Inc., 553 So.2d 336 (Fla. 4th DCA 1989). However, leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile. Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996) (citing Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993)).
In this case, Hemingway merely attempted to amend her initial complaint. There was no evidence indicating anyone would have been prejudiced by an amendment to the complaint, and the amendment would not have been futile because with proper factual allegations, it would have permitted Hemingway to maintain her causes of action in the venue she selected. Despite these facts, the trial court denied Hemingway's motion for leave to file an amended complaint. We find that the trial court's refusal to permit an amendment under the facts in this case constitutes an abuse of discretion and reverse on this issue. Accordingly, we remand this case to the trial court to permit Hemingway to amend her complaint.
Affirmed in part; reversed in part and remanded with instructions to grant the appellant leave to amend the complaint.
DELL and POLEN, JJ., concur.