883 So.2d 885 (2004)
Julie R. FROATS, Appellant,
v.
Jessica R. BARON, Michael S. Bernstein, et al, Appellees.
No. 5D03-4180.
District Court of Appeal of Florida, Fifth District.
October 1, 2004.
R. David Ayers, Jr., Winter Park, for Appellant.
A. Craig Cameron and G. Douglas Nail, of Cameron, Hodges, Coleman, LaPointe & Wright, P.A., Orlando, for Appellee, Jessica R. Baron.
Robert D. Keough and John E. DuBose, Jr., of Keough & DuBose, P.A., Orlando, for State of Florida, Department of Transportation.
*886 No Appearance for Appellees, Michael S. Bernstein, and Orange County, Florida.
GRIFFIN, J.
This is the appeal of an order transferring venue in a personal injury action. Because we conclude that the trial judge acted prematurely, we reverse.
Julie Froats ["Froats"], the plaintiff below, was involved in two separate motor vehicle accidents. The first occurred on May 31, 2002, when she was rear-ended in Seminole County, Florida. The second occurred on August 22, 2002, when Froats was rear-ended a few miles away in Orange County, Florida.
The two accidents involved different drivers, but both drivers were insured by the same insurance company, which was Allstate. Additionally, Froats was actively receiving treatment for injuries sustained in the first accident to her neck and back when the second accident occurred. The second accident allegedly aggravated her pre-existing injuries, after which Froats continued treatment with the same physicians.
Froats brought one negligence action in Orange County, Florida, naming both drivers, as well as Orange County and the Department of Transportation ["DOT"] for their alleged role in the second accident. Count I sought damages for injuries caused by Jessica Baron ["Baron"] in the first accident. Count II sought damages for injuries caused by Michael Bernstein ["Bernstein"] in the second accident. Counts III and IV sought damages from Orange County and the DOT, respectively, for a defective traffic light which allegedly caused the accident with Bernstein. The complaint did not allege that the injuries sustained by Froats in the two accidents were the same or similar, or that they were difficult or impossible to apportion between defendants. Instead, as to each defendant, the complaint identically asserted that:
As a result [of the defendant's negligence], Plaintiff, JULIE R. FROATS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.
Baron, the defendant involved in the Seminole County accident, filed a motion to transfer for improper venue and to sever the action against her. At a hearing on the motion, defendants argued that the claims arising out of the two accidents had to be brought in separate suits because Froats had not alleged that defendants were jointly and severally liable or that damages could not be apportioned. They contended that the cases should be bifurcated, and the Seminole suit should be transferred to Seminole County for the purposes of expediency, but the remaining claims should be retained in Orange County.
Froats asked to replead her complaint, if that were deemed necessary by the court, to better plead joint and several liability. Nevertheless, the court granted the motion to dismiss and the motion to bifurcate, commenting:
[I]t's not easy for the plaintiff in this position because you're saying that you really can't say from which accident the injuries were sustained. But I don't think it's appropriate to leave it together because you got two separate cases and probably ought to be two separate lawsuits....
*887 On appeal, Froats contends that she was entitled to bring all of her claims in Orange County, Florida, although they involve two separate accidents, which occurred in separate counties. Defendants Baron and the DOT argue that the trial court acted within its discretion in transferring venue of the claim against Baron to Seminole County because of Froats' failure to plead that defendants were jointly and severally liable for her injuries.[1]
In Florida, a plaintiff who is injured in two successive accidents may bring one suit where the accidents cause the same or similar injuries and it is difficult or impossible to apportion the injuries between the two tortfeasors. See Lawrence v. Hethcox, 283 So.2d 41 (Fla.1973); Silvers v. Wal-Mart Stores, Inc., 760 So.2d 232 (Fla. 4th DCA 2000); Hemingway v. Bresney, 733 So.2d 1135 (Fla. 4th DCA 1999); Maser v. Fioretti, 498 So.2d 568 (Fla. 5th DCA 1986). The defendants in such actions are subject to joint and several liability, even though their negligence is successive. See, e.g., Gross v. Lyons, 763 So.2d 276 (Fla.2000); Morton Roofing, Inc. v. Prather, 864 So.2d 64 (Fla. 5th DCA 2003); Randle-Eastern Ambulance Serv., Inc. v. Millens, 294 So.2d 38 (Fla. 3d DCA 1974). Furthermore, where the accidents or injuries occur in different counties, all of the defendants may be sued together in one of the counties in which one of the causes of action arose. Highland Ins. Co. v. Walker Memorial Sanitarium & Benevolent Ass'n, 225 So.2d 572 (Fla. 2d DCA 1969); see also Feeley v. Lagergren, 478 So.2d 496 (Fla. 5th DCA 1985).
The problem in this case concerns the failure to clearly allege that the injuries sustained by Froats in the two accidents were difficult or impossible to apportion between defendants. The lack of a similar allegation resulted in the affirmance of an order transferring an action for improper venue in E.A.W. v. Orlando Regional Medical Center, Inc., 424 So.2d 189, 189-90 (Fla. 5th DCA 1983), the primary case relied upon by both Baron and the DOT.
Under the circumstances of this case, however, the problem is essentially one of pleading and Froats should have the opportunity to make the necessary allegations. The request to amend was timely and the privilege of amendment had not been abused. See Hemingway, supra.
REVERSED and REMANDED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Bernstein and Orange County have not appeared in this appeal.