932 So.2d 388 (2006)
Jo Manuel PEREZ, Appellant,
v.
Leslie FERRELL and AMEX Assurance Company, Appellees.
No. 2D05-5254.
District Court of Appeal of Florida, Second District.
March 31, 2006.
*389 Robert S. Walton, III, Tampa, for Appellant.
Amy M. Goucher and Matthew D. Powell of Eaton & Powell, Tampa, for Appellee Leslie Ferrell.
No appearance for Appellee AMEX Assurance Company.
WALLACE, Judge.
Jo Manuel Perez filed this nonfinal appeal from the trial court's order that denied his motion to dismiss for improper venue or, in the alternative, to sever for improper joinder. Although joinder was proper in this case, the venue is improper for Mr. Perez. Because another venue exists that would be proper for both defendants, we reverse the trial court's order.

BACKGROUND
In August 2002, Ms. Ferrell, the appellee, suffered injuries to her neck and back when an uninsured motorist collided with the rear of her car. The collision occurred in Hillsborough County, Florida. Because of continuing medical problems from that accident, Ms. Ferrell filed suit in Hillsborough County against AMEX, her uninsured/underinsured insurance carrier. Ms. Ferrell did not join the uninsured motorist as a party in the suit. In February 2005, after a trial date was set for the *390 Hillsborough County action, Mr. Perez collided with Ms. Ferrell's car, causing an exacerbation of her prior injuries. The collision with Mr. Perez occurred in Martin County, Florida. Mr. Perez resides in Palm Beach County, Florida. Because of the difficulty in allocating the damages caused by each collision, Ms. Ferrell joined Mr. Perez as a defendant in the pending Hillsborough County action.
Mr. Perez filed a motion to dismiss for improper venue or, in the alternative, to sever for improper joinder. The trial court denied Mr. Perez's motion. At the hearing on the motion, the trial court announced that its ruling was based on Froats v. Baron, 883 So.2d 885 (Fla. 5th DCA 2004). Because the facts are undisputed, this case presents a question of law that we review de novo. Sch. Bd. v. State Bd. of Educ., 903 So.2d 963, 966 (Fla. 5th DCA 2005).

DISCUSSION
When Ms. Ferrell joined Mr. Perez in her Hillsborough County action, she brought together two otherwise unrelated causes of action. However, because her amended complaint alleged that it would be difficult to apportion her injuries between the accidents, Ms. Ferrell has fulfilled the prerequisite for a proper joinder. See Froats, 883 So.2d at 887.
Florida's venue statutes, chapter 47, Florida Statutes, allow a plaintiff to select the venue in which to bring his or her action. See Breed Techs., Inc. v. AlliedSignal Inc., 861 So.2d 1227, 1230 (Fla. 2d DCA 2003) (stating that a plaintiff generally has the "prerogative to select the venue"). Section 47.011, Florida Statutes (2005), allows actions to be brought "in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." In her defense of the trial court's order, Ms. Ferrell argues that section 47.011 allows her to select Hillsborough County because that is where the first cause of action accrued. However, section 47.011 refers to only an individual defendant and a single cause of action. In the case before us, there are two defendants and two causes of action that accrued in different counties.
Next, Ms. Ferrell urges us to find that section 47.041 controls because her case involves multiple causes of action. Section 47.041 provides:
Actions on several causes of action may be brought in any county where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.
In cases that have discussed section 47.041, the courts have upheld the plaintiff's choice of venue when the defendant is the same in both causes of action, e.g., Costner v. Costner, 263 So.2d 852 (Fla. 1st DCA 1972), or when there are multiple defendants with no common place of residence, see, e.g., Highland Ins. Co. v. Walker Mem'l Sanitarium & Benevolent Ass'n, 225 So.2d 572, 574 (Fla. 2d DCA 1969).
In response, Mr. Perez argues that section 47.021as it has been interpreted by the Florida courtsshould control the venue of Ms. Ferrell's action. "Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides." § 47.021. On its face, section 47.021 could support venue in Hillsborough County because AMEX, a foreign corporate defendant, resides in Hillsborough County for venue purposes.[1] However, the supreme *391 court has limited the application of section 47.021 when foreign corporate defendants are involved. "[W]here an individual defendant is joined as a party defendant with a foreign corporation defendant, and the corporate defendant has an agent in the county in which the individual defendant resides, Section 46.02 cannot be applied to defeat the individual defendant's venue privilege granted by Section 46.01." Enfinger v. Baxley, 96 So.2d 538, 540-41 (Fla. 1957); see ch. 67-254, § 3, Laws of Fla. (renumbering § 46.01 as § 47.011 and § 46.02 as § 47.021).
Following the teaching of Enfinger, we have stated that section 47.021 "applies only when codefendants reside in `different' counties." Commercial Carrier Corp. v. Mercer, 226 So.2d 270, 271 (Fla. 2d DCA 1969). We held that when the codefendants have a common residence, the action should be filed in that county of residence. Id. Mr. Perez argues that because AMEX has an agent in his county of residence, Palm Beach County is the proper venue.
Both parties correctly construe the sections of chapter 47 on which each relies. Our review of Florida's venue law does not reveal that either section 47.021 or section 47.041 should trump the other when there are multiple defendants and multiple causes of action joined in one action. We do note, however, that section 47.041 includes a provision that would allow the court to order separate trials, a provision that is not contained in section 47.021. Additionally, chapter 47 "confer[s] a venue privilege in the defendant[ ]." James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487, 488 (Fla. 2d DCA 1970). The purpose of the venue statutes "is to require that litigation be instituted in the forum which will cause the least amount of inconvenience and expense to those required to respond thereto." Id. The plaintiff may make the final choice when the defendants have conflicting venue interests, but where there is no conflict, the plaintiff may not "defeat the individual defendant's venue privilege." Enfinger, 96 So.2d at 540-41.

CONCLUSION
Under the unusual circumstances present here, multiple defendants and multiple causes of action are properly joined in one action. Although Ms. Ferrell may choose an appropriate venue, she may not disregard Mr. Perez's right to defend the suit in his county of residence without claiming an appropriate exception to the venue statutes. See Enfinger, 96 So.2d at 540. The cause of action that accrued in Hillsborough County did not involve Mr. Perez. And, unlike other cases where there were multiple causes of action but no common county of residence, here all the defendants reside in Palm Beach County for venue purposes. Proper venue also lies in Martin County, where the accident involving Mr. Perez accrued and where AMEX has an agent. There is no venue conflict among the defendants. To allow Ms. Ferrell to bring Mr. Perez into an ongoing action on the eve of trial and require him to defend from across the state would defeat the purpose of the venue statutes.
Accordingly, we reverse the trial court's order denying Mr. Perez's motion to dismiss for improper venue.
Reversed.
FULMER, C.J., and WHATLEY, J., Concur.
NOTES
[1] At the hearing on Mr. Perez's motion, counsel for Ms. Ferrell agreed that AMEX "sell[s] insurance in probably every county in Florida."