# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2197
LT Case No. 2020-CA-001490-A

_____

ISMAEL PEREIRA,

    Appellant,

    v.

EMILY JONES, as Personal
Representative of the Estate of
Gregory Wilkes, and GEICO
INDEMNITY COMPANY,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Lake County.
Dan R. Mosley, Judge.

E. Aaron Sprague and Stefano D. Portigliatti, of Coker Law, P.A.,
Jacksonville, and Luke T. Moreau, of Law Offices of Luke T.
Moreau, Esq., Hollywood, for Appellant.

Steven E. Brust, Jennifer P. Lawson, Jonathon D. Pressley, Jill
F. Bechtold, Dion K. Bass, and Cassandra R. Daum, of Smith,
Gambrell & Russell, LLP, Jacksonville, for Appellee, GEICO
Indemnity Company.

No Appearance for Remaining Appellee.

March 22, 2024

PER CURIAM.

At issue is the grant of a motion by GEICO Indemnity Company ("GEICO") to sever and transfer a portion of the complaint of Ismael Pereira ("Pereira"), who was involved in two successive motor vehicle accidents, one in Lake County and one in Orange County. In the trial court, GEICO argued that Pereira failed to allege in his complaint that it was difficult or impossible to apportion his injuries arising from the two different accidents. Pereira counters that Florida law allows for a plaintiff to try together, in a single case, two personal injury claims that result in injuries that are difficult or impossible to apportion and that he should be given leave to amend his complaint to include language alleging such injuries where, as here, he has not abused the privilege to amend.

In granting GEICO's motion as to the count involving the Lake County accident, the trial court reasoned that the two accidents were not sufficiently intertwined and could be severed because they involved different counties, different injured parties, and different patient treatments; they also occurred over three years apart.

This approach—which focuses on the accidents themselves rather than whether the plaintiff's injuries can be apportioned—is inconsistent with this court's decision in *Froats v. Baron*, 883 So. 2d 885, 887 (Fla. 5th DCA 2004), which held that a "plaintiff who is injured in two successive accidents may bring one suit where the accidents cause the same or similar injuries and it is difficult or impossible to apportion the injuries between the two tortfeasors." In addition, "where the accidents or injuries occur in different counties, all of the defendants may be sued together in one of the counties in which one of the causes of action arose." *Id.* A plaintiff bringing such an action must clearly allege in his complaint that his injuries "in the two accidents were difficult or impossible to apportion between defendants." *Id.* Under *Froats*, the focus is on the plaintiff's injuries, and whether they are difficult or impossible to apportion, rather than whether the circumstances of the accident are alike.

2

The question becomes whether Pereira, whose complaint lacked an allegation that his injuries were unapportionable, should be allowed to amend under the circumstances. The trial court did not allow Pereira to amend his complaint, despite Pereira requesting that he be given leave to do so. Based on this court's decision in *Froats*, which is nearly identical factually and legally, this was error. *Froats* highlighted that the "problem is essentially one of pleading" and that the plaintiff "should have the opportunity to make the necessary allegations." *Id.* As in *Froats*, Pereira's request to amend was timely and he had not abused the privilege of amendment. *See id.*

As to possible prejudice, it is notable that GEICO's motion to sever and transfer acknowledged that a trial court abuses its discretion in severing "a case when two successive accidents cause the same or similar injuries" provided that "those injuries are indivisible, impossible, and or very difficult for the jury to apportion fault." It noted further that for "[Pereira] to join GEICO and add a successive accident, [Pereira] must allege in [his] Complaint the injuries are the same or similar, or that they were difficult or impossible to apportion between the two tortfeasors." GEICO thereby recognized that the basis for its motion was a pleading deficiency; as such, no prejudice is evident in allowing Pereira to make the necessary allegation. *See Hemingway v. Bresney*, 733 So. 2d 1135, 1136 (Fla. 4th DCA 1999).

We, therefore, reverse the order of severance and transfer and remand with instructions that Pereira be allowed to amend his complaint.

REVERSED and REMANDED with instructions.

MAKAR, KILBANE, and MACIVER, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____