322 So.2d 61 (1975)
BRODY CONSTRUCTION, INC., a Florida Corporation, Appellant,
v.
FABRI-BUILT STRUCTURES, INC., a Florida Corporation, and Orlando Central Park, Inc., a Foreign Corporation, Appellees.
BRODY CONSTRUCTION, INC., a Florida Corporation, Appellant,
v.
FULLER LUMBER COMPANY, INC., a Florida Corporation, and Orlando Central Park, Inc., a Foreign Corporation, Appellees.
BRODY CONSTRUCTION, INC., a Florida Corporation, Appellant,
v.
MASTER DOOR COMPANY OF ORLANDO, INC., a Florida Corporation, Orlando Central Park, Inc., Etc., Appellees.
Nos. 74-1068, 74-1079 and 74-1605.
District Court of Appeal of Florida, Fourth District.
October 24, 1975.
Rehearing Denied December 3, 1975.
*62 R. Edward Cooley, of Graham & Markel, P.A., Winter Park, for appellant.
Lee Jay Colling and A.J. Stanton, Jr., of Colling, Latham, Stanton & Sanders, Orlando, for appellees-Fabri Built Structures, Inc., and Fuller Lumber Co., Inc.
Patricia C. Fawsett, of Akerman, Senterfitt, Eidson & Wharton, Orlando, for appellee-Orlando Central Park, Inc.
Charles J. Collins, Jr., of Steed & Collins, Orlando, for appellee-Master Door Co. of Orlando, Inc.
DOWNEY, Judge.
Appellant Brody Construction, Inc., as general contractor, entered into a contract with appellee Orlando Central Park, Inc., as owner, for the construction of a large residential apartment complex. Disagreements arose between appellant and Orlando Central. As a result of those disagreements appellant sued Orlando Central, alleging among other things, that Orlando Central failed to pay certain materialmen, including Fabri-Built Structures, Inc., Fuller Lumber Company, Inc., and Master Door Company of Orlando, Inc.
While Brody's action against Orlando Central was still pending, appellees Fabri-Built, Fuller and Master Door each filed suit against Brody for materials which were allegedly supplied to Brody and which were incorporated into the Orlando Central complex. Master Door's suit also named Orlando Central as a defendant. Brody filed third party claims against Orlando Central in the Fabri-Built and Fuller suits and a cross-claim against Orlando Central in the Master Door suit. By these claims against Orlando Central, Brody sought to be indemnified for any amount if might be ordered to pay to any of said materialmen. The court dismissed with prejudice the third party claims and the cross-claim. The court also denied Brody's motion to consolidate the Fabri-Built, Fuller, and Master Door cases with Brody's original suit against Orlando Central. These consolidated appeals are from the judgments dismissing Brody's third party *63 claims and cross-claim with prejudice and from the order denying Brody's motion to consolidate.
Although the judgments under review do not specify any ground for their entry, it appears that the court based those judgments upon a conclusion that Brody was splitting its cause of action, since the disagreement among the parties in their arguments before us revolves around the question whether Brody's filing of the third party claims and the cross-claim against Orlando Central constituted a splitting of its cause of action.
The rule against splitting causes of action is designed to prevent a multiplicity of suits. Thus, if the splitting of a cause of action does not result in a multiplicity of suits, the reason for the rule does not exist, and the rule becomes inapplicable. Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432 (1942). Since the materialmens' suits were already pending, appellant's attempt to file the third party and cross-claims did not result in a multiplicity of suits and there was no reason to invoke the rule in this case. Stanley Builders, Inc., v. Nacron, Fla. 1970, 238 So.2d 606.
The actions by the materialmen against Brody on the one hand and by Brody against Orlando Central on the other involve, among other things, the same materials. In the event the materialmens' claims for payment are denied because the materials are defective, such denial would effectively insulate both Brody and Orlando Central from liability for payment of those claims only if Brody's third party claims and cross-claim are allowed in the materialmens' cases. However, if Brody's third party claims and cross-claim are not allowed in the three materialmens' cases, the defense of defective materials might be successfully asserted by Orlando Central in Brody's action against Orlando Central, but unsuccessfully asserted by Brody in the three materialmens' cases. This would be manifestly unjust. Thus, it appears to us that these circumstances require reversal of the judgments under review.
Appellant also contends the denial of its motion for consolidation was error. However, the consolidation of actions ordinarily rests in the sound discretion of the court, 1 Fla.Jur., Actions, § 36, and appellant has failed to demonstrate abuse of that discretion.
Accordingly, we reverse the judgments appealed from and remand the causes with instructions to reinstate Brody's third party claims and cross-claim.
CROSS and OWEN, JJ., concur.