412 So.2d 439 (1982)
Clinton Howard TOMMIE, Dorothy L. Tommie, and Allstate Insurance Company, Petitioners,
v.
Reginald LaCHANCE, Jocelyn LaChance, the Estate of Stephen LaChance, Deceased, through the Co-Administrators, Reginald LaChance and Jocelyn LaChance, Respondents.
No. 81-1353.
District Court of Appeal of Florida, Fourth District.
April 14, 1982.
*440 Jeanne Heyward, Miami, and Burdick & Donahoe, Fort Lauderdale, for petitioners.
Sheldon J. Schlesinger of Simons & Schlesinger, P.A., Fort Lauderdale, for respondents.
GLICKSTEIN, Judge.
Petitioners are the operator, owner and insurer of a motor vehicle that collided with a dirt bike on which two boys were riding, killing one, Stephen LaChance, and injuring the other, David Wilson. Stephen's parents, as administrators of his estate, brought an action for wrongful death against petitioners, alleging that Stephen was a passenger on the dirt bike and David was the operator. Petitioners' answer denied that Stephen was the passenger and raised the affirmative defense of comparative negligence.[1]
David's deposition was taken in the LaChance action and he testified that he had gone to Stephen's home on the date of the accident to buy the bike for $500. Prior to that time David had never driven nor ridden upon a motorcycle, nor had he ever driven a dirt bike. David only recollects having watched Stephen drive the dirt bike away from the LaChance home without him and then waking up in the hospital. He only recalls having seen trees along the side of the road down the avenue and next to Stephen's block.
Through his mother, David brought an action against petitioners and the administrators of Stephen's estate. He alleged he was the passenger of the dirt bike and Stephen its operator.[2] Petitioners denied that David was the passenger and raised the affirmative defense of David's negligence. Petitioners then moved to consolidate the LaChance and Wilson actions. The motion was denied and they filed this petition.[3]
We said in Brody Construction, Inc. v. Fabri-Built Structures, Inc., 322 So.2d 61 (Fla. 4th DCA 1975) that the consolidation of actions ordinarily rests in the sound discretion of the trial court. In the present case, however, the trial court recites no reason or basis for entry of its order and the parties responded to our order that the hearing on the motion was unreported. As a result, we are unable to step into the shoes of the trial judge to attempt to determine *441 his perception of what was presented to him.
What we do perceive, however, is the anomaly which denial of consolidation can cause if repugnant and inconsistent verdicts are reached in the two actions. It is possible two independent verdicts can find (1) neither boy or (2) both boys operated the dirt bike. Either possibility is unjust and can be prevented by consolidation. As petitioners point out with respect to the first possibility, and as we observe as to the second, if these anomalies occurred they would not become apparent until after the second judgment. By then the time for appeal of the first verdict long since may have expired.
With such possibilities, the trial court should have ordered consolidation. Failure to do so did not conform to the essential requirements of law and reasonably may cause material injury irremediable by plenary appeal. We, therefore, grant the writ of certiorari and quash the order denying consolidation.
LETTS, C.J., and BERANEK, J., concur.
NOTES
[1] In their answer petitioners sought to diminish any recovery by the degree of the decedent's negligence and/or assumption of risk; these affirmative defenses have merged. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977); Blaw-Knox Food & Chemical Equip. Corp. v. Holmes, 348 So.2d 604 (Fla. 4th DCA 1977).
[2] David was not named as a defendant in the LaChance action.
[3] Respondents have duly notified counsel in the Wilson action of the motion to consolidate, the order thereon, and all of the proceedings in this court.