DELL, Judge.
Petitioners seek review by common law certiorari of an order of the circuit court granting respondents’ motion to sever.
Respondents filed suit to recover compensation for legal services rendered to petitioners. Petitioners answered by filing affirmative defenses and a counterclaim in which they alleged “that the work and/or services supplied by [respondents] were deficient and lacking in professional competence so as to constitute a failure of consideration, negligence and professional malpractice.” Respondents moved to sever the counterclaim from the main action. Respondents asserted that the State of Florida had entered an order of liquidation which barred the prosecution of suits against the insureds of Lawyers Professional Liability Insurance Company for a period of six months.[1] The trial court granted respondents’ motion to sever.
Petitioners argue that the trial court abused its discretion because the severance may result in inconsistent verdicts. Although petitioners’ concern may be well founded, certiorari jurisdiction of this court does not lie because petitioners have failed to demonstrate a material injury which cannot be remedied by plenary appeal. See United States Fidelity & Guaranty v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981), review denied, review dismissed, 419 So.2d 1195, 1201 (Fla.1982); Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976).
Accordingly, the petition for common law certiorari is denied.
CERTIORARI DENIED.
HURLEY and WALDEN, JJ., concur.

. Respondents did not introduce any evidence in support of this assertion. We direct the trial court’s attention to Chrysler Corp. v. Miller, 450 So.2d 330 (Fla. 4th DCA 1984); Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982).