530 So.2d 958 (1988)
Walter BARNES, Jr., Petitioner,
v.
Carl Edward MEECE, Jr., As Personal Representative of the Estate of Christine F. Meece, and Carl Edward Meece, Jr., Individually, Michael John Sineath and Joan L. Sineath, Community Hospital of the Palm Beaches, Inc., D/B/a Humana Hospital of the Palm Beaches, a Florida Corporation, Raymond McKnight, M.D., Jerald V. Lemar, D.O., David Simon, D.O., Florida Patients Compensation Fund, Findeiss and Creed, Inc., a Florida Professional Corporation, Longo and Latorra, D.O., P.A., Joseph Motta, M.D., and Faro, Motta and Anderson, M.D., P.A., Respondents.
No. 88-0267.
District Court of Appeal of Florida, Fourth District.
August 3, 1988.
Rehearing Denied October 5, 1988.
Jones & Foster, P.A., and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for petitioner.
Robert T. Bergin, Jr., of Bergin & Culler, West Palm Beach, for respondent-Carl Edward Meece, Jr.
Nancy P. Maxwell of Metzger & Sonneborn, P.A., West Palm Beach, for respondents-Community Hosp. and David Simon, D.O.
Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for respondents-Jerald V. Lemar, D.O., Joseph Motta, M.D., Longo and Latorra, D.O., P.A., and Faro, Motta and Anderson, M.D., P.A.
PER CURIAM.
This is a petition for writ of common law certiorari in which petitioner seeks relief from two orders denying petitioner's motion to consolidate a wrongful death/personal injury action with a wrongful death/medical malpractice action. Petitioner (Barnes) is a defendant in the wrongful death/personal injury action. Among Barnes' affirmative defenses is the claim that the decedent died due to the subsequent medical malpractice of the parties named in the malpractice action. Barnes advises in this petition that he also intends to bring a third party action against these health care providers for equitable subrogation.
It is well settled that the decision to consolidate actions ordinarily falls within the sound discretion of the trial court. Brody Construction Inc. v. Fabri-Built Structures, Inc., 322 So.2d 61 (Fla. 4th DCA 1975). Only in rare cases has this court and others found certiorari relief appropriate from such orders. See Millman v. Reid, 511 So.2d 733 (Fla. 4th DCA 1987) (petition for certiorari granted to consolidate two cases which involved claims of *959 injury by the same person in two accidents). There, the prospect of inconsistent verdicts and the unavailability of a remedy on plenary appeal supported the decision by this court to grant the petition for writ of certiorari and direct the trial court to order consolidation of the two cases. See also U-Haul Company of Northern Florida, Inc. v. White, 503 So.2d 332 (Fla. 1st DCA 1986); Tommie v. LaChance, 412 So.2d 439 (Fla. 4th DCA 1982).
Petitioner argues that the same possibility of inconsistent verdicts, incapable of remedy on appeal, exists in this case. However, petitioner has available the recourse of a separate and independent action for subrogation against the health care providers, in the event that he is held liable in the personal injury suit. This cause is available even though it may not be pursued as a third party claim in the original personal injury suit. The Supreme Court of Florida in Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977), held that an active tortfeasor in an auto accident case may not bring a third party malpractice action for indemnity in the personal injury suit. The majority reasoned that a tortfeasor should not be permitted to dictate the time, manner, forum and appropriateness of a plaintiff's action for malpractice. Also, the complex issues likely in a medical malpractice action were deemed inappropriate to interject into a personal injury suit. Id. at 706. This court enforced that decision and its own mandate in that case in Stuart v. Hertz Corporation, 381 So.2d 1161 (Fla. 4th DCA 1980). There is no reason why we should not apply the same rationale to preclude petitioner from interjecting the issue of medical malpractice into a personal injury action as an affirmative defense.
The supreme court has held that Stuart v. Hertz Corporation did not bar a separate lawsuit by the initial tortfeasor against a successor tortfeasor who aggravates the original injuries. Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980). In that case it was acknowledged that the City of Lauderdale Lakes, a defendant against whom a judgment was entered, had stated a separate cause of action in subrogation against the plaintiff's doctor. But cf. Insurance Company of North America v. Sullivan, 475 So.2d 287 (Fla. 5th DCA 1985).
The plaintiffs have elected to file two separate suits, one for malpractice and one for personal injury. They should not be forced into litigating their malpractice action simultaneously with the personal injury suit simply because petitioner has attempted to interject the malpractice action in the personal injury case by way of affirmative defense.
Petitioner has failed to show an abuse of discretion which would rise to the level of a departure from the essential requirements of law. The exercise of discretion by the trial judge can be supported as reasonable, based on considerations of judicial efficiency, expedience and fairness to the parties. The issues and evidence are not the same in the two cases and consolidation would only serve to delay the personal injury suit, which is ready for trial.
The petition for writ of certiorari is therefore denied.
LETTS, GLICKSTEIN and STONE, JJ., concur.