619 So.2d 399 (1993)
Ricky MAHARAJ and Chandra Maharaj, Petitioners,
v.
Alexander GROSSMAN, Respondent.
No. 93-0840.
District Court of Appeal of Florida, Fourth District.
May 28, 1993.
*400 Jack T. Frost, Gunther & Whitaker, P.A., Fort Lauderdale, for petitioners.
George S. Berwig, Thomas T. Grimmett, P.A., Fort Lauderdale, for respondent Salvatore Sannasardo.
Michael S. Bendell, Michael Bendell, P.A., Boca Raton, for respondent Alexander Grossman.
KLEIN, Judge.
We grant certiorari and order consolidation of three lawsuits arising out of the same automobile accident.
Respondent plaintiff, Alexander Grossman, who opposes consolidation, alleged that he and his wife were injured in an accident when Ricky Maharaj made a left turn and collided with Sannasardo, who was coming from the opposite direction, which resulted in the Maharaj car then striking the Grossmans' car, which was stopped at a red light. Alexander and Muriel Grossman, husband and wife, were both injured, and Muriel later died of causes apparently unrelated to the accident. Three separate lawsuits were filed as a result of the accident.
In March of 1992 Alexander Grossman sued the Maharajes and his UM carrier for his injuries. In July of 1992 the Maharajes moved for leave to file a third party complaint for contribution against Sannasardo, which the court denied.
In September of 1992 Alexander Grossman, as personal representative of the estate of his deceased wife, Muriel, sued the Maharajes for the injuries sustained by Muriel. In that case the Maharajes filed a third party complaint against Sannasardo seeking contribution.
In December of 1992 the Maharajes sued Sannasardo for contribution on the claim of Alexander Grossman for his injuries.
In February of 1993 the Maharajes moved, in the first case, which days earlier had been set for trial in June, 1993, to consolidate the three lawsuits. The court denied consolidation, stating that "this case needs to be brought to a final conclusion." The Maharajes seek review by certiorari, and Sannasardo supports their position, arguing that without consolidation there could be inconsistent verdicts, citing Tommie v. LaChance, 412 So.2d 439 (Fla. 4th DCA 1982). There this court granted certiorari, and concluded that the denial of consolidation of two plaintiff's cases arising out of the same accident was a departure from the essential requirements of law not remediable by final appeal, because of the possibility of inconsistent verdicts.
In U-Haul Co. of Northern Florida, Inc. v. White, 503 So.2d 332 (Fla. 1st DCA 1986), the first district granted certiorari, and required consolidation of three separately filed wrongful death actions which arose out of the same accident, citing, in addition to the possibility of inconsistent verdicts, the interests of judicial economy.
Respondent argues that consolidation "ordinarily rests in the sound discretion of the trial court", citing Brody Construction, *401 Inc. v. Fabri-Built Structures, Inc., 322 So.2d 61 (Fla. 4th DCA 1975). Where denial of consolidation is a departure from the essential requirements of law, however, it is inherently an abuse of discretion.
There is normally no reason why claims of family members arising out of one accident should not be combined in one lawsuit, or if filed separately, consolidated and tried together. Where there are unusual circumstances the court "in furtherance of convenience or to avoid prejudice" may order separate trials. Florida Rule of Civil Procedure 1.270(b).
In the present case the trial judge apparently denied consolidation because the case assigned to him was already set for trial, and he did not want to delay its disposition. While disposing of cases is important, it is not as important as the efficient and proper administration of justice.
We grant certiorari and quash the order denying consolidation.
ANSTEAD and POLEN, JJ., concur.