PER CURIAM.
Holiday Inns, Inc. (petitioner) petitions for a writ of certiorari seeking review of an interlocutory order denying its motion to consolidate. We grant the petition and reverse.
Sam Spevak (respondent) filed suit against the petitioner seeking damages pursuant to a 99-year lease executed in 1967 whereby petitioner leased certain real property in Duval County on which it constructed and operated a hotel until 1976. At that time, petitioner assigned its lease obligation to a third party. Accompanying that assignment was an indemnity agreement. There have been several subsequent assignments, all made with a corresponding indemnity agreement. All assignments were made with the consent of the respondent.
*1111 In 1991, the premises were abandoned, and all parties agree that since that time, the property has fallen into a state of disrepair. Respondent filed his third amended complaint against petitioner in November 1993. In Count I, respondent seeks unpaid rents through October 1993, plus interest and taxes. In Count II, respondent seeks a declaratory judgment as to the parties’ future obligations under the lease. Relevant to Count II are the allegations that petitioner has the obligation, under the lease, to keep the property in repair and that petitioner owes respondent damages for future rents.
Subsequent to the filing of the initial complaint by respondent, the petitioner filed suit against the various assignees who, by the terms of the lease assignments, were made indemnitors. By counts one through fourteen of this complaint, petitioner seeks indemnity for any defaulted obligations of the lessees with respect to rents, interest, taxes, repairs and maintenance. In the last count, petitioner seeks a declaratory judgment as to the obligations future rents and for repair and maintenance under the lease.
Petitioner moved to consolidate its suit with the case filed by respondent, who objected to consolidation, primarily on the ground that consolidation would put him at a disadvantage by stacking the opposition. Petitioner argues, on the other hand, that there are common issues of law and fact involved in the pending actions, and that there exists the possibility of inconsistent rulings of law or jury findings in the two cases. Upon consideration of the pleadings filed in the two cases, we agree with petitioner. It was represented by counsel at oral argument before this court that the several assignee-lessees, potential indemnitors, did not oppose petitioner’s motion to consolidate. Further, we are not persuaded by respondent’s contention that since the assignee-lessees involved as defendants in petitioner’s suit are on notice of the issues being tried in respondent’s lawsuit, they will be bound by any decision rendered on common issues in respondent’s case.[1] Respondent misinterprets the issue presented by the present petition, which primarily seeks to avoid inconsistent outcomes and needless litigation, and not to obtain a ruling on the merits of any claims or defenses that might be asserted in future litigation.
In U-haul Co. of Northern Florida, Inc., et al. v. White, et al., 503 So.2d 332 (Fla.1986), this court granted a petition for certiorari, finding that the lower court abused its discretion by failing to grant a motion to consolidate. In U-haul, three actions arose from the same incident and were identical in all respects except damages. Noting the possibility of inconsistent verdicts were the three cases to remain separate, and noting that the interest of judicial economy would be better served by consolidating the separate cases, this court quashed the order denying consolidation. While the degree of similarity found in U-haul may not be present in the instant case, we feel compelled to overturn the lower court’s order and to require consolidation to avoid the possibility of inconsistent results. See also, Tommie v. LaChance, 412 So.2d 439 (Fla. 4th DCA 1982).
Accordingly, the petition for certiorari is GRANTED and the order denying consolidation is QUASHED, and the cause is remanded with directions that the cases be consolidated for trial.
ZEHMER, C.J., and ERVIN and SMITH, JJ., concur.

. Respondent cites Post Houses, Inc. v. Fireman's Fund Insurance Co., 469 So.2d 863 (Fla. 1st DCA 1985); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980); MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973), and Burke v. Ripp, 619 F.2d 354 (5th Cir.1980). These cases do not speak to the central issue before us: whether inconsistent results are possible on the common issues involved in the two cases before the trial court, and whether needless litigation can be forestalled by consolidation.