647 So.2d 270 (1994)
Florence HICKEY, Petitioner,
v.
POMPANO K OF C, INC., et al., Respondent.
No. 94-1253.
District Court of Appeal of Florida, Fourth District.
December 7, 1994.
Michael Milchman and Scott Mager, Fort Lauderdale, for petitioner.
Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole & Marion, P.A., West Palm Beach, for respondent.
KLEIN, Judge.
Plaintiff/petitioner seeks certiorari review of an order severing her trial against defendant *271 A from her trial against defendant B. We grant certiorari and order that her cases be tried together, because the Florida supreme court, in a case on all fours, concluded that ordering separate trials was a departure from the essential requirements of law for which there would be no adequate remedy by appeal. Lawrence v. Hethcox, 283 So.2d 41 (Fla. 1973).
Plaintiff's amended complaint includes claims against defendant A and defendant B, resulting from separate slip and fall accidents occurring three weeks apart. She alleges that the first fall on A's premises injured her knee and made her more susceptible to falling on B's premises, and that the second fall aggravated her initial knee injury. She argues that separate trials could result in inconsistent verdicts for which there would be no adequate remedy by appeal. In Lawrence, plaintiff sued a defendant for injuries sustained in an automobile accident and later sought to amend to add another defendant with whom he was involved in a second accident about six weeks later. Plaintiff alleged that the injuries from both accidents were overlapping and not apportionable, and if the cases were tried separately each defendant might be able to convince the jury that the injuries were caused by the other defendant. The trial court denied joinder, the appellate court denied certiorari, and our supreme court reversed, holding that the denial of joinder departed from the essential requirements of law for which there would be no adequate remedy by appeal. The court adopted the reasoning of a California court:
If ... it appears that negligence of both defendants contributed proximately to cause an injury for which plaintiff is entitled to recover, it may be a matter entailing great difficulty of proof as to the amount in which each defendant is responsible. .. . To require separate actions and separate trials in such a situation would enhance the difficulties of proof and tend to obstruct, rather than to promote, justice ...
Lawrence, 283 So.2d at 43 (quoting Kraft v. Smith, 24 Cal.2d 124, 148 P.2d 23 (1944)).
Also, our entire opinion in Millman v. Reid, 511 So.2d 733 (Fla. 4th DCA 1987), was as follows:
We grant the petition for writ of certiorari and direct the trial court to consolidate these two (2) cases involving claims of injury by the same person in two accidents occurring two weeks apart.
Here, if these cases are tried separately, the jury in the trial arising out of the first accident could well be persuaded that most of the damages resulted from the second accident, and a different jury could determine in the trial arising out of the second accident that most of the damages resulted from the first accident. Since a low verdict, in and of itself, does not require a new trial, it is highly unlikely that the plaintiff would be able to get post-trial or appellate relief. Plaintiff would thus have no adequate remedy by appeal.
We have previously granted certiorari where a trial court has refused to consolidate cases brought by different plaintiffs against one defendant, as a result of a single accident, on the grounds that there could be inconsistent verdicts. See Maharaj v. Grossman, 619 So.2d 399 (Fla. 4th DCA 1993); Tommie v. LaChance, 412 So.2d 439 (Fla. 4th DCA 1982). See also U-Haul Co. of Northern Florida, Inc. v. White, 503 So.2d 332 (Fla. 1st DCA 1986); Meyers v. Shore Indus., Inc., 575 So.2d 783 (Fla. 2d DCA 1991).
Although there is dicta in Cogan v. Saleeby, 454 So.2d 786 (Fla. 4th DCA 1984) to the effect that the possibility of inconsistent verdicts would not be a basis for certiorari review by this court, that case is distinguishable on its facts, because it involved the trial court's severance of a suit to recover compensation for legal services from a counterclaim for legal malpractice. We remain of the opinion that our conclusion in that case was correct, however, the dicta regarding inconsistent verdicts may have been overly broad.
We therefore grant certiorari and quash the order of severance.
DELL, C.J., and GUNTHER, J., concur.