652 So.2d 864 (1995)
Umberto PAGES, Petitioner,
v.
Jonathan DOMINGUEZ, a minor, By and Through his father and next friend, Robert DOMINGUEZ, and Robert Dominguez, individually, Robert Ambridge, and Hannah E. Croshaw, Respondents.
No. 94-1824.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
Rehearing Denied April 20, 1995.
*866 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for petitioner.
Todd R. Falzone of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for respondents  Jonathan Dominguez and Robert Dominguez.
PARIENTE, Judge.
The petition for writ of certiorari seeks relief from a trial court's order denying defendant Pages' motion to consolidate two claims arising out of the same automobile accident. Because we find the order denying the motion to consolidate these cases for trial did not constitute a departure from the essential requirements of law, we deny the petition.
A refusal of a trial court to grant consolidation in separate and distinct causes of action, involving separate and distinct damages, is not an abuse of discretion which will automatically result in our granting certiorari relief merely because the actions arise out of the same accident. This tragic case arises from an automobile accident in which two brothers were passengers in a vehicle struck by another vehicle  one brother was killed; the other brother is permanently and severely brain damaged. In each case the damage considerations are entirely different and unique, both qualitatively and quantitatively. The elements of damages and testimony thereon, including the presentation of expert witnesses, would be separate and distinct for the wrongful death claim and for the personal injury claim.
Only in rare cases has this court found it appropriate to grant certiorari relief from orders denying motions to consolidate. See, e.g., Tommie v. LaChance, 412 So.2d 439 (Fla. 4th DCA 1982). The decision to consolidate actions ordinarily falls within the sound discretion of the trial court. Barnes v. Meece, 530 So.2d 958 (Fla. 4th DCA 1988); Brody Constr. Inc. v. Fabri-Built Structures, Inc., 322 So.2d 61 (Fla. 4th DCA 1975). In order to justify granting certiorari relief from pretrial orders, there must be a departure from the essential requirements of law which will cause material injury that cannot be rectified on plenary appeal. Barnes, 530 So.2d at 959.
The two primary reasons advanced by defendant Pages in favor of consolidation in this case are avoidance of possibly inconsistent verdicts and considerations of judicial economy. We turn first to the argument that consolidation is required to avoid inconsistent verdicts.

THE POSSIBILITY OF DIFFERENT VERDICTS
In this case there appear to be only two active tortfeasors who contributed to cause the accident. The potential for differing results would thus be limited to the possibility of different juries apportioning different percentages of fault between the defendants. However, defendant Pages has raised the affirmative defense of failure to wear a seat belt. By statute, failure to wear a seat belt may be considered as evidence of comparative negligence and not in mitigation of damages, which accordingly may affect the apportionment of liability between the parties. § 316.614(10), Fla. Stat. (1993). Given the unique aspect of each brother's injuries, the nature and substance of the seat belt evidence will likely vary, as will the significance of such evidence on the liability issues. It would therefore be logical that, in each case, the verdicts concerning percentages of fault could vary.
This is not a case where two different verdicts hold the potential to be unjust and repugnant. In Tommie, 412 So.2d at 441, a case involving a disputed issue of fact as to which plaintiff was the passenger and which *867 one was the driver of a dirt bike, this court, through Judge Glickstein, explained the repugnancy which necessitated consolidation:
It is possible that two independent verdicts could find (1) neither boy or (2) both boys operated the dirt bike. Either possibility is unjust and can be prevented by consolidation.
We do not agree that Tommie is authority for the proposition that because both cases arose from the same accident consolidation is required, rendering the failure to consolidate an abuse of discretion. To the extent that Maharaj v. Grossman, 619 So.2d 399 (Fla. 4th DCA 1993), contains dicta to this effect and to the extent that the first district in U-Haul Co. of Northern Florida, Inc. v. White, 503 So.2d 332 (Fla. 1st DCA 1986), so held in reliance on Tommie, we disagree. See also Holiday Inns, Inc. v. Spevak, 639 So.2d 1110 (Fla. 1st DCA 1994). In Maharaj, the sole reason cited by the trial court for denying consolidation was the possibility of delay of the case already set for trial. We agree that this reason alone is insufficient where all other factors favor a joint trial, including the possibility in Maharaj of overlapping damages between the husband's consortium claim for his wife's injuries and his own personal injury claim.[1]
Florida has no rule of procedure establishing compulsory consolidation for distinct claims arising from a single accident. Compare Fed.R.Civ.P. 19 (providing for permissive joinder). There is also no rule of procedure or principle of law which requires separate plaintiffs with distinct causes of action to file their lawsuits arising out of a single automobile accident simultaneously.
In fact, it is well-settled that pursuant to Florida Rule of Civil Procedure 1.110(g), the actions for the death of one brother and the severe injuries to the other brother could not have been filed in one lawsuit because the separate actions were not "in the same right," a requirement for joinder in one lawsuit. Under this rule, a party who is the plaintiff in several suits may not combine causes of action brought in different representative capacities into a single lawsuit. Department of Ins. v. Coopers & Lybrand, 570 So.2d 369 (Fla. 3d DCA 1990); County of Sarasota v. Wall, 403 So.2d 500 (Fla. 2d DCA 1981); Metropolitan Dade County v. Hicks, 323 So.2d 590 (Fla. 3d DCA 1975). As the third district explained in Department of Insurance:
Rule 1.110(g), Florida Rules of Civil Procedure (1989) states in pertinent part: "A pleader may set up in the same action as many claims or causes of action or defenses in the same right as he has...." This rule "forbids the joinder of causes which arise out of separate rights." Horowitz v. United Investors Corp., 227 So.2d 719, 721 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 180 (Fla. 1970); see also General Dynamics Corp. v. Hewitt, 225 So.2d 561, 563 (Fla. 3d DCA 1969) (quoting 1 Am.Jur.2d Actions § 125 (1962)) ("One cannot in the same action sue in more than one distinct right or capacity."). Causes of action accruing to a plaintiff in different capacities must be brought separately regardless of whether or not the causes of action arise "out of the same occurrence because the respective causes of action are not `in the same right.'" Metropolitan Dade County v. Hicks, 323 So.2d 590, 591 (Fla. 3d DCA 1975) (citing Pensacola Elec. Co. v. Soderlind, 60 Fla. 164, 53 So. 722 (1910) and Latimer v. Sears Roebuck & Co., 285 F.2d 152 (5th Cir.1960)).
570 So.2d at 370.
While rule 1.110(g) does not permit separate actions of distinct plaintiffs to *868 be joined in a single lawsuit, Florida Rule of Civil Procedure 1.270 does not prevent consolidation of the separate actions. Rule 1.270, governing consolidation, vests the trial court with broad discretion to consolidate actions involving common questions of law or fact and to order joint hearings or a joint trial. The trial court is guided in its exercise of discretion by the direction in rule 1.270 that "it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." There is no language explicitly or implicitly mandating consolidation of distinct lawsuits by distinct plaintiffs which would render the refusal of a trial court to consolidate two lawsuits arising from the same accident an automatic abuse of discretion.

UNNECESSARY COSTS AND JUDICIAL ECONOMY
We next address defendant Pages' argument that economic considerations of the parties, as well as of the trial court's, favor consolidation. Defendant Pages cites his concerns with "needless expense and duplication of effort, as well as delay in the proceedings" and "the specter of inconsistent rulings" because the cases remain assigned to different divisions with different judges presiding. Defendant Pages also expresses concern for the "efficient and proper administration of justice."
Defendant Pages' argument  that the efficient administration of justice mandates consolidation because of the likelihood of inconsistent discovery rulings, among other reasons  is less compelling in light of the backdrop of the inordinate delay in seeking consolidation while at the same time actively pursuing discovery before two different trial judges.[2] While no time limit exists for filing a motion to consolidate, in this case, the delayed filing appears to have been a product of pretrial strategy or tactics. We thus find additional support for refusing to overturn the discretionary decision of the trial court.
Moreover, the time, trouble and expense of going through an unnecessary trial are not the type of material injuries sufficient to justify invocation of this court's certiorari jurisdiction. United States Fidelity & Guar. Co. v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975). Therefore, considerations of judicial economy alone will not justify our exercising certiorari jurisdiction to overturn a trial court's order denying consolidation.
Further, even if considerations of judicial economy are to be considered in determining if the trial court abused its discretion, this is not a case that cries out for a joint trial for the very reason that the major issue to be tried is that of damages. There has been no evidence presented by defendant Pages that there is any likelihood of significant overlap in the two damages presentations. To the contrary, the nature of the two cases suggests quite the opposite. The damages claimed by plaintiff Jonathan Dominguez in his personal injury case are entirely distinct from the elements of damages in the separate wrongful death action. Under the circumstances of this case, it is unlikely that there would be a significant savings of judicial time by consolidating the issues involved in the separate damages actions.
Without a clear understanding of the factors for and against consolidation particular to this matter, we will not substitute our own judgment and disturb the trial court's discretion. Weighing the benefits of consolidation is a determination best addressed by the trial court in its discretion, not by the appellate court. See Brody, 322 So.2d at 61. The fact that one case is a wrongful death action and one case is a personal injury action, in itself, is not a reason to *869 refuse consolidation, just as the fact that both cases arise out of the same accident, while a relevant consideration, is not per se a reason to mandate consolidation. Similarly, the fact that one case is ready for trial should not, in itself, be a reason to deny consolidation, as long as consolidation would not unduly delay the trial of the presently-set case to the prejudice of the parties. See Maharaj, 619 So.2d at 399.
While we understand defendant Pages' concerns over inconsistent discovery and trial rulings, these concerns do not provide a sufficient independent basis for this court to grant certiorari relief. See Barnes. However, we would recommend that both cases be transferred to the same judge and, at a minimum, consolidated for discovery on liability issues. We agree that it makes no sense for either side to face potentially inconsistent discovery rulings, duplicative discovery or inconsistent trial rulings. Indeed, plaintiff agreed to consolidated discovery, but did not agree to the transfer before the same judge.
Transfer to the same judge would eliminate the problem of inconsistent rulings and consolidated discovery would eliminate the problem of duplicative discovery without penalizing either side by forcing a joint trial. Nevertheless, consolidation of the cases for a joint trial does not inevitably follow because both cases are in front of one judge. The trial court should reconsider the question of consolidation for a joint trial on liability after both cases are in front of the same trial judge. This type of transfer is envisioned by Broward County Administrative Rule II-88-A-1. The trial court would then have an opportunity to hear argument on all significant factors for and against consolidation, including unnecessary delay, increased costs from either a separate or joint trial, prejudice to either side from a joint trial, the potential for repugnant or unjust results from inconsistent verdicts, and considerations of judicial economy.
POLEN and FARMER, JJ., concur.
NOTES
[1] This court has also granted certiorari in those cases where separate accidents caused injury to the same person, resulting in a potentially inseparable injury. Repugnant verdicts, as contemplated in Tommie, may result where a single plaintiff involved in separate accidents causing inseparable injury is forced to try the cases separately against different defendants. Hickey v. Pompano K of C, Inc., 647 So.2d 270 (Fla. 4th DCA 1994); Millman v. Reid, 511 So.2d 733 (Fla. 4th DCA 1987); see also Lawrence v. Hethcox, 283 So.2d 41 (Fla. 1973). In these cases, the potential for inconsistency resulting in a manifest injustice from separately tried cases is that, without both defendants in the same lawsuit, in the first case the jury could find that the second accident caused all the damages, while in the second case the jury could find that the first accident caused all the damages, leaving the plaintiff without recovery.
[2] The record before us reflects that the other defendants in this action moved to consolidate the two cases in September, October and November of 1993, resulting in the entry of two separate orders denying consolidation. Although defendant Pages apparently joined his co-defendants in arguing for consolidation on each occasion, he waited an additional seven months, until June of 1994, to first formally file his motion to consolidate. No reason was offered for this delay or for defendant Pages' failure to file his motion simultaneously with his co-defendants' motions. This tactic, in effect, gave all defendants a third bite at the apple, even though the co-defendants did not seek review by certiorari of the two previously denied orders and no facts had changed which would now compel consolidation.