678 So.2d 391 (1996)
Linda FRIEDMAN and Alan Friedman, Petitioners,
v.
DeSOTO PARK NORTH CONDOMINIUM ASSOCIATION, Respondent.
Nos. 95-2710, 96-1638.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
*392 Robert S. Glazier and Peter A. Miller & Associates, P.A., Miami, for petitioners.
G. Bart Billbrough and Geoffrey B. Marks of Walton, Lantaff, Schroeder & Carson, Miami, for Respondent-DeSoto Park North Condominium Association.
D. David Keller of Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, P.A., Fort Lauderdale, for Respondent-American Reliance Insurance Company.
PARIENTE, Judge.
Petitioners urge us to grant certiorari relief from an order denying their motion to consolidate two separate lawsuits. We deny their petition because we do not find this to be one of those rare cases which require us to grant certiorari relief from an order denying a motion to consolidate. See Pages v. Dominguez, 652 So.2d 864 (Fla. 4th DCA 1995).
Petitioners are plaintiffs who initiated two separate lawsuits against separate defendants, American Reliance Insurance Company (American Reliance) and DeSoto Park North Condominium Association (DeSoto Park), based on entirely separate theories of recovery arising out of the collapse of their condominium unit. The claims and rights in the two actions are separate and distinct. Respondent DeSoto Park asserts that the predicament petitioners find themselves in is a result of their own actions in the method and manner in which petitioners filed these separate lawsuits.
The lawsuit against American Reliance is based on breach of contract for failing to pay a claim allegedly covered under an insurance policy issued to DeSoto Park. This lawsuit also includes claims of common law and statutory bad faith for failing to pay the claim.
The separate lawsuit against DeSoto Park is based on a failure to procure insurance; a breach of contract to repair; and declaratory relief for a determination of rights under the condominium documents in response to a lien claim filed by DeSoto Park.
The fact that both lawsuits arise out of the same core event does not mandate consolidation and a joint trial. Indeed, petitioners not only filed these lawsuits as separate actions, but originally filed the lawsuits in separate venuesone in Dade County and the other in Broward County.
Respondent DeSoto Park also correctly points out that a determination of no coverage under the policy in plaintiffs' action against American Reliance does not necessarily entitle plaintiffs to a verdict against DeSoto Park for breach of contract in failing to procure insurance and is certainly not dispositive of the other causes of action. On the other hand, if plaintiffs are successful in obtaining a verdict against American Reliance, then the lawsuit against DeSoto Park would likely be obviated. We further note that consolidation of the trials would require American Reliance to participate in a lawsuit with issues far beyond matters of insurance policy interpretation.
We continue to adhere to the proposition that only in rare cases should this court grant certiorari relief from orders denying motions to consolidate because the decision to consolidate actions ordinarily falls within the sound discretion of the trial court. See Pages, 652 So.2d at 864, and cases cited therein. The mere possibility of different juries arriving at a different conclusion on a fact common to two lawsuits does not alone mandate consolidation. Id.
Our certiorari jurisdiction should be reserved for those limited classes of cases where the possibility of "repugnant and inconsistent *393 verdicts" would result in a manifest injustice and a material injury to the petitioner. See, e.g., Tommie v. LaChance, 412 So.2d 439, 441 (Fla. 4th DCA 1982). We agree with the dissent that Tommie and Hickey v. Pompano K of C, Inc., 647 So.2d 270 (Fla. 4th DCA 1994), represent two types of cases where the standard for certiorari jurisdiction was met. We disagree that this case falls within that same category.
We frankly do not see consolidation and a joint trial to be the most appropriate case management alternative because, although there may be a single factual question in common, the majority of the disputed facts and issues are disparate. If plaintiffs are truly concerned about being caught between the proverbial rock and hard place, the solution is not to consolidate two entirely different cases involving different defendants and different theories, but to seek a stay in the action against DeSoto Park until resolution of the coverage dispute against American Reliance.
Finally, although this is not a case for mandatory consolidation and a joint trial, we do agree that both cases should be before the same judge in accordance with Broward County's local rule. See Pages, 652 So.2d at 869. This not only comports with the local rule but with efficient judicial case management. One judge could then control the sequence in which the cases should be tried. The insurance dispute should logically be tried first. According to recently-filed pleadings, it appears that the insurance dispute will in fact be tried first.
Accordingly, we deny the certiorari relief requested in the consolidated petitions.
DELL, J., concurs.
KLEIN, J., dissents with opinion.
KLEIN, Judge, dissenting.
Plaintiffs seek certiorari review of an order denying their motion to transfer this case to a different Broward County circuit court division, so that it could be consolidated with another claim plaintiffs were pursuing against a different defendant arising out of the same facts. In this case, plaintiffs sued their condominium association for negligently failing to procure insurance which would have covered the destruction of their townhouse. The issue pending in the case in the other division is whether there was coverage for the loss under the policy which had been obtained by the condominium association.
The possibility of two juries coming to different conclusions on the same issue of fact, i.e., the cause of the loss, could result in inconsistent verdicts which would be manifestly unjust, but for which there would be no adequate remedy by final appeal.
The majority acknowledges that the same issue of fact exists in these two cases, but says that the solution is to stay one case or transfer one of the cases so that both are before the same trial court. Since the majority denies certiorari, the different trial judges are not obligated to follow these suggestions. I cannot understand why they don't grant certiorari, as this court has done in Tommie v. LaChance, 412 So.2d 439 (Fla. 4th DCA 1982) and Hickey v. Pompano K of C, Inc., 647 So.2d 270 (Fla. 4th DCA 1994).
By denying certiorari, while at the same time acknowledging the possibility of inconsistent verdicts, the majority is creating conflict with Tommie and Hickey. Pages v. Dominguez, 652 So.2d 864 (Fla. 4th DCA 1995), on which the majority relies, is not on point. In that case a defendant in an accident case was seeking consolidation of claims pending before different trial judges by two plaintiffs who were injured in the accident.
I would grant certiorari and direct that this case be transferred and consolidated with the related case.