886 So.2d 1072 (2004)
STATE FARM FLORIDA INSURANCE COMPANY, Petitioner,
v.
Suzanne BONHAM, Advanta Mortgage, etc., et al., Respondents.
No. 5D04-2752.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
*1073 Lee Craig and David I. Wynne of Butler Pappas Weihmuller Katz Craig LLP, Tampa, for Petitioner.
Kevin Knight of Debeaubien, Knight, Simmons, Mantzaris & Neal LLP, Orlando, and Gerald R. Saffioti, Jr., of Gerald R. Saffioti, Jr., Esq. LLC, Winter Park, for Respondent, Suzanne Bonham.
ORFINGER, J.
State Farm Florida Insurance Company seeks certiorari review of an order denying its motion to consolidate two civil actions. The two civil actions have a common plaintiff, Suzanne Bonham, but different defendants. For the reasons that follow, we deny the petition.
Ms. Bonham purchased a house that she claims had concealed structural damage. As a result, she filed a lawsuit alleging that the seller, Advanta Mortgage Corp., and the broker, Arvida Realty Services, failed to disclose material information about the home, and actively concealed damage to the residence caused by sinkhole *1074 activity.[1] In a separate action, Bonham filed suit against State Farm, seeking a declaration of her rights under a homeowner's insurance policy issued by State Farm, and damages. State Farm denied coverage based on its belief that there was no sinkhole on the property, and that any damage was the result of earth movement unrelated to sinkhole activity, and, thus, not covered under the policy.
State Farm then filed a motion to consolidate the two cases, and asserted that the actions concern a common question of fact, and consolidation would avoid redundant judicial labor. State Farm also argued that consolidation would avoid the possibility of inconsistent verdicts. After the trial court denied consolidation, State Farm sought certiorari review here.
An order denying a motion to consolidate is reviewable by certiorari. However, such a ruling falls within the sound discretion of the trial court, and should not be disturbed except where an abuse of discretion is shown. The mere possibility of different juries arriving at a different conclusion on a fact common to two lawsuits does not alone mandate consolidation. See Friedman v. DeSota Park N. Condo. Ass'n, 678 So.2d 391 (Fla. 4th DCA 1996). As with all non-final orders, a petitioner seeking certiorari relief must show a departure from the essential requirements of law resulting in material injury that cannot be rectified on plenary appeal. See e.g., Lynch v. State, 409 So.2d 133, 134 (Fla. 5th DCA 1982).
The key facts alleged in the broker lawsuit are easily summarized. Advanta acquired the residence through a foreclosure proceeding. It then placed the property for sale with Arvida, a broker in the area. Bonham purchased the property through Arvida in 2001. Bonham contends that she did not realize, nor did Arvida and Advanta disclose, that the property had suffered damage as a result of an apparent sinkhole approximately nine years earlier and that significant repair work had been done on the property thereafter.
Within a month after closing on the property, Bonham noticed that the home had significant cracks. After conducting further investigation, Bonham discovered that efforts had been made to conceal the cracks, including painting the interior of the house and sealing various cracks. Bonham's third amended complaint against the broker (as the seller has settled with Bonham) alleges fraud in the inducement. Bonham sought to recover damages for the diminution in value of the property and repair costs.
In Bonham's lawsuit against State Farm, the primary issue is whether any sinkhole damage occurred to the property during the policy period. The timing of the damage is significant because the insurance policy would not cover damages caused by a sinkhole that occurred prior to the policy period.
In deciding whether to consolidate cases, a trial court must consider: (1) whether the trial process will be accelerated due to the consolidation; (2) whether unnecessary costs and delays can be avoided by consolidation; (3) whether there is the possibility for inconsistent verdicts; (4) whether consolidation would eliminate duplicative trials that involve substantially the same core of operative facts and questions of law; and (5) whether consolidation would deprive a party of a substantive right. See generally Fla. R. Civ. P. 1.270(a). Certiorari relief has been granted where a lower court refused to consolidate personal injury and wrongful death actions, which arose out of the same motor *1075 vehicle accident, to avoid the possibility of inconsistent verdicts. See Maharaj v. Grossman, 619 So.2d 399 (Fla. 4th DCA 1993); Tommie v. LaChance, 412 So.2d 439 (Fla. 4th DCA 1982). But see Pages v. Dominguez By & Through Dominguez, 652 So.2d 864 (Fla. 4th DCA 1995) (consolidation not required simply because separate actions arose out of same accident).
At the time the motion for consolidation was filed by State Farm, the insurance lawsuit was on a trial docket and the broker lawsuit was still in the pleading stages. Therefore, consolidation would not accelerate the trial proceedings in the insurance action. It also does not appear that consolidating the broker lawsuit and the insurance lawsuit would save State Farm any significant costs, as State Farm is named as a defendant in only one of the actions. Bonham might benefit if there was only one trial, but she opposes consolidation. In any event, litigation expenses and the costs of going to trial are not the type of harm that alone justify review by certiorari. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
Although there is a possibility of inconsistent verdicts, the lawsuits are different causes of action based on unrelated theories and feature different measures of damages. It is true that a common issue in both actions is whether and when there was sinkhole activity on the property. However, the core facts underlying both lawsuits are different. The broker lawsuit focuses on the concealment of information concerning sinkhole activity, which allegedly occurred prior to the purchase of the property, while the insurance litigation is concerned with whether any sinkhole loss occurred during the policy period. Thus, this case is not analogous to those in which separate lawsuits and causes of action arise out of a single motor vehicle accident.
We conclude that the trial court did not abuse its discretion and the denial of consolidation does not constitute a departure from the essential requirements of law. State Farm has not shown that the court's failure to consolidate the two lawsuits has caused it material harm resulting in irreparable injury. Accordingly, we deny the petition. See Friedman (although there may be a single common factual issue in two lawsuits, consolidation is not appropriate where the majority of disputed facts and legal issues are disparate).
PETITION FOR CERTIORARI DENIED.
PLEUS and MONACO, JJ., concur.
NOTES
[1] Advanta settled with Bonham, leaving only Arvida as a defendant in that action.