NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM J. TRACEY, III, as personal )
representative of the Estate of Betty I. )
Tracey, deceased, )
                         )
        Petitioner, )
                         )
v. )         Case No. 2D16-3835
                         )
SWANHOLM CENTRAL, LLC, a Florida )
limited liability company, d/b/a )
BRENTWOOD SENIOR LIVING )
COMMUNITY; SENIOR MANAGEMENT )
ADVISORS, INC., a Florida corporation; )
WALGREEN CO., a foreign corporation; )
FLORIDA DOOR CONTROL, INC., a )
Florida corporation, a/k/a MWG )
ENTERPRISES, INC.; FLORIDA DOOR )
CONTROL OF ORLANDO, INC., a )
Florida corporation; THE STANLEY )
WORKS INCORPORATED, a Florida )
corporation, d/b/a STANLEY ACCESS )
TECHNOLOGIES, a/k/a STANLEY BLACK )
& DECKER, INC.; and STANLEY ACCESS )
TECHNOLOGIES, LLC, a foreign limited )
liability company, )
                         )
        Respondents. )
_____ )

Opinion filed July 19, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; Thomas H.
Minkoff, Judge.

Michael J. Ebin, St. Petersburg; and George
J.F. Werner, Ybor City, for Petitioner.

Amy L. Dilday and Derek M. Daniels of McCumber, Daniels, Buntz, Hartig & Puig, P.A., Tampa, for Respondents Swanholm Central, LLC, d/b/a Brentwood Senior Living Community; and Senior Management Advisors, Inc.

Alyssa M. Reiter and Steven Y. Leinicke of Wicker Smith O'Hara McCoy & Ford, P.A., Ft. Lauderdale, for Respondents The Stanley Works Incorporated, d/b/a Stanley Access Technologies, a/k/a Stanley Black & Decker, Inc.; and Stanley Access Technologies, LLC.

No appearance for remaining Respondents.

CASANUEVA, Judge.

William J. Tracey, as personal representative of the Estate of Betty I. Tracey, petitions this court for certiorari review of an order denying his motion to consolidate two wrongful death actions.  We conclude that the trial court departed from the essential requirements of law in denying the motion and grant the petition.

## I. PROCEDURAL HISTORY

Mr. Tracey's first lawsuit alleged that on May 12, 2011, Ms. Tracey sustained significant injuries when a malfunctioning automatic sliding door at a Walgreens store hit her and knocked her to the ground.[1]  The complaint further alleged that as a result of the injuries sustained in this incident, Ms. Tracey died on June 6, 2011.  The second action alleged that Ms. Tracey, while recuperating at the Brentwood

---

[1]The defendants named in the first lawsuit were Walgreen Co., Florida Door Control, Inc., a/k/a MWG Enterprises, Inc., Florida Door Control of Orlando, Inc., The Stanley Works Inc. d/b/a Stanley Access Technologies a/k/a Stanley Black & Decker, Inc., and Stanley Access Technologies, LLC.

Senior Living Community from the Walgreen accident, sustained aggravated injuries as a result of inadequate care, including another fall on June 3, 2011.[2]  After the second fall, Ms. Tracey was transported to the hospital where she died three days later.  Mr. Tracey alleged that Brentwood Senior Living Community and the facility management company (hereinafter "Brentwood") were negligent in the treatment of Ms. Tracey and violated her rights as set forth in section 429.28, Florida Statutes (2011).

Mr. Tracey moved to consolidate the two actions pursuant to Florida Rule of Civil Procedure 1.270(a).  He noted that both lawsuits include wrongful death claims which are based on successive injury-producing incidents involving Ms. Tracey.  The lawsuit filed against Brentwood alleges that Brentwood's actions worsened and aggravated injures which Ms. Tracey suffered in the Walgreen incident.  Mr. Tracey alleged that the defendants in both cases proximately caused or contributed to the death of Ms. Tracey.  He argued that consolidation would prevent the substantial risk of inconsistent verdicts, because a jury in the Walgreen trial could find that the second accident caused all the damages, whereas a jury in the Brentwood trial could find that the first accident caused all the damages, thereby causing a repugnant verdict, contrary to manifest justice.

## II. CERTIORARI REVIEW STANDARD

We first note that to justify granting certiorari relief from a pretrial order denying a motion to consolidate, "there must be a departure from the essential requirements of law which will cause material injury that cannot be rectified on plenary

---

[2]The defendants named in the second lawsuit were Swanholm Central, LLC, d/b/a Brentwood Senior Living Community, and Senior Management Advisors, Inc.

appeal." Pages v. Dominguez ex rel. Dominguez, 652 So. 2d 864, 866 (Fla. 4th DCA 1995). "The decision to consolidate actions ordinarily falls within the sound discretion of the trial court." Id. However, where the denial of a party's motion to consolidate two actions could cause repugnant and inconsistent verdicts, such denial is a departure from the essential requirements of the law, because it could cause material injury that cannot be remedied on appeal. Tommie v. LaChance, 412 So. 2d 439, 441 (Fla. 4th DCA 1982).

### III. CONSOLIDATION OF CASES

In a case involving injuries received in two separate automobile accidents that occurred about a month apart, the Florida Supreme Court has held that the trial court should have consolidated the cases because the damages sustained were not readily apportionable. Lawrence v. Hethcox, 283 So. 2d 41, 43-44 (Fla. 1973). In Lawrence, the court reasoned as follows:

> If . . . it appears that negligence of both defendants contributed proximately to cause an injury for which plaintiff is entitled to recover, it may be a matter entailing great difficulty of proof as to the amount in which each defendant is responsible. . . . To require separate actions and separate trials in such a situation would enhance the difficulties of proof and tend to obstruct, rather than to promote, justice.

Id. (quoting Kraft v. Smith, 148 P.2d 23, 26 (Cal. 1944)).

In U-Haul Co. of Northern Florida, Inc. v. White, 503 So. 2d 332, 333 (Fla. 1st DCA 1986), the First District addressed a similar situation where the defendants wanted to consolidate three cases that arose from the same incident, the cases were identical in all respects except for damages, and the three cases involved the same counsel for all of the parties. The First District quashed the order denying the motion to

consolidate, holding that the interests of judicial economy and the possibility of inconsistent verdicts outweigh any prejudice that might be caused by a delay when the cases were consolidated.  Id.

In a case factually similar to the present case, Hickey v. Pompano K of C, Inc., 647 So. 2d 270, 271 (Fla. 4th DCA 1994), the complaint alleged that the plaintiff suffered injuries as a result of two separate slip and fall accidents occurring three weeks apart.  The plaintiff alleged that the first fall injured her knee and made her more susceptible to the second fall, which aggravated her previous knee injury.  The Fourth District held that the trial court departed from the essential requirements of law in ordering separate trials against the two defendants and that there would be no adequate remedy on appeal.  Id.  The Fourth District reasoned as follows:

> [I]f these cases are tried separately, the jury in the trial arising out of the first accident could well be persuaded that most of the damages resulted from the second accident, and a different jury could determine in the trial arising out of the second accident that most of the damages resulted from the first accident.  Since a low verdict, in and of itself, does not require a new trial, it is highly unlikely that the plaintiff would be able to get post-trial or appellate relief.  Plaintiff would thus have no adequate remedy by appeal.

Id.

As in Hickey and Lawrence, Mr. Tracey's complaint against Brentwood alleges that the fall and care at the nursing home aggravated Ms. Tracey's preexisting injury that occurred at the Walgreens store.  Further, the complaints in both cases allege that the injuries that Ms. Tracey sustained as a result of the defendants' negligence resulted in her death.  Following the reasoning in Lawrence and Hickey, if there are two separate trials in the present case, the jury in the Walgreen trial could find

that Ms. Tracey's death resulted from the second fall, an infection, dehydration, and malnutrition, and the jury in the Swanholm trial could find that Ms. Tracey's death was the result of the injuries she sustained at the Walgreens store.  Since a low verdict, in and of itself, would not require a new trial, Mr. Tracey would have no adequate remedy on appeal.

We note that the Fourth District reached the opposite conclusion in Pages, 652 So. 2d at 866, which involved an automobile accident in which one passenger was killed and another passenger was permanently and severely brain damaged.  The Fourth District held,

> A refusal of a trial court to grant consolidation in separate and distinct causes of action, involving separate and distinct damages, is not an abuse of discretion which will automatically result in our granting certiorari relief *merely because the actions arise out of the same accident.* . . .  In each case the damage considerations are entirely different and unique, both qualitatively and quantitatively.  The elements of damages and testimony thereon, including the presentation of expert witnesses, would be separate and distinct for the wrongful death claim and for the personal injury claim.

Id.

In Pages, that court's reasoning was based on the fact that one claim was for wrongful death and the second claim was for personal injuries.  In the present case, both complaints allege that the injuries Ms. Tracey sustained as a result of the defendants' negligence resulted in her death.

The Fourth District also found that consolidation was not appropriate in Barnes v. Meece, 530 So. 2d 958, 959 (Fla. 4th DCA 1988), where the defendant in a wrongful death/personal injury action moved to consolidate his case with a wrongful

- 6 -

death/medical malpractice action. One of his affirmative defenses was that the decedent died as a result of the subsequent medical malpractice of the defendants in the malpractice action. Id. at 958. The trial court denied his motion to consolidate, and the defendant filed a petition for writ of certiorari.

The Fourth District did not find merit in the defendant's argument that two separate trials may result in inconsistent verdicts because, it noted, the defendant had "available the recourse of a separate and independent action for subrogation against the health care providers . . . ." Id. at 959. The court also noted that complex issues that are likely to arise in a medical malpractice action are not appropriate to interject into a personal injury suit. Id. We note that the reasoning in Barnes does not apply to the case at bar because the present case does not involve a medical malpractice action, and more importantly, Mr. Tracey would have no recourse if separate trials resulted in inconsistent and repugnant verdicts.

In its order, the trial court mistakenly relied on State Farm Florida Insurance Co. v. Bonham, 886 So. 2d 1072, 1075 (Fla. 5th DCA 2004), in denying the motion to consolidate. In State Farm, the plaintiff sued the seller and broker of a house alleging that they concealed and failed to disclose sinkhole damage to the home prior to her purchase of it. Id. at 1073-74. She also filed a suit against State Farm, which sought a declaration of her rights under her homeowner's insurance policy. Id. at 1074. Consequently, in State Farm the lawsuits involved different causes of action based on dissimilar theories and featured different measures of damages.

**IV. CONCLUSION**

Accordingly, the petition for certiorari is hereby granted and the trial court's order denying the motion to consolidate is quashed.

Petition for writ of certiorari granted.

VILLANTI and KELLY, JJ., Concur.