DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSE BUNNELL,** as personal representative of the
**ESTATE OF BRIANNA M. BROWN,** deceased,
Petitioner,

v.

**WAR NETWORK, LLC,** A Florida Limited Company d/b/a
**WE ARE RECOVERY;** and **SECOND CHANCE DETOX, LLC,** a Florida
Limited Liability Company d/b/a **COMPASS DETOX,**
Respondents.

No. 4D2025-2431

[April 8, 2026]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., L.T. Case Nos. 062022CA014229AXXXCE; 062025CA004844AXXXCE.

Aaron M. Clemens of Romano Law Group, West Palm Beach, for petitioner.

Philip Louis Reizenstein of Reizenstein & Associates, P.A., Miami, and Lawrence R. Plunkett, Jr. of Reich, Album & Plunkett, L.L.C., Mandeville, Louisiana, *pro hac vice,* for respondents.

PER CURIAM.

Jesse Bunnell, as personal representative for the estate of Brianna M. Brown, petitions for a writ of certiorari to quash an order denying consolidation of two circuit court actions arising from Brianna Brown's death and a motion to stay proceedings in the earlier-filed action. Bunnell argues that certiorari relief is warranted because the primary and related cases arise from the same nucleus of operative facts and evidence, and separate trials pose the inherent risk of producing inconsistent and repugnant verdicts. We grant the petition and quash the circuit court's orders consolidating the cases and imposing a stay.

In the first case, the decedent's husband and three surviving children alleged that in 2020 the decedent attended Second Chance Detox, LLC, d/b/a Compass Detox as an inpatient, WAR Networks, LLC, d/b/a We Are

Recovery as an intensive outpatient, and lived in Oasis, a residential substance abuse recovery facility to treat substance abuse issues. Both Second Chance and War Networks were purchased by Tamara Markovich. In 2021, the decedent suffered a fatal overdose. The following year, her husband and children filed a complaint alleging wrongful death against WAR; wrongful death damages for breach of fiduciary duties against WAR; wrongful death against Second Chance; wrongful death damages for breach of fiduciary duty against Second Chance; wrongful death against Markovich; and wrongful death damages for breach of fiduciary duty against Markovich. The complaint was subsequently amended, and the trial was set for August 2025.

In the second case, her husband and children filed a complaint against Drew Lieberman, M.D., Richard Waserstein, and Ness Group, LLC alleging civil Florida RICO (Racketeering Influence and Corruption Organization) Act claim for declaratory judgment against Lieberman; civil RICO claim against Waserstein for declaratory judgment; civil RICO claim for declaratory judgment against Ness Group; civil remedies for criminal practices claim against Lieberman, Waserstein, and Ness Group; civil remedies for criminal practices claim against Waserstein; and civil remedies for criminal practices claim against Ness Group. The second case was set for trial in August 2026.

The parties in the first case jointly moved to consolidate both cases on the grounds that doing so would promote the efficient administration of justice, conserve judicial resources, avoid inconsistent results, prevent multiple court appearances, and prevent repugnant or inconsistent verdicts. Lieberman opposed consolidation, and the motion was denied.

"[W]here the denial of a party's motion to consolidate two actions could cause repugnant and inconsistent verdicts, such denial is a departure from the essential requirements of the law, because it could cause material injury that cannot be remedied on appeal." *Tracey v. Swanholm Cent., LLC*, 223 So. 3d 448, 450 (Fla. 2d DCA 2017) (citing *Tommie v. LaChance*, 412 So. 2d 439, 441 (Fla. 4th DCA 1982)). That is the case here. So we grant the petition and quash the circuit court's order denying consolidation of the two related cases.

*Petition granted.*

KUNTZ, C.J., CONNER and KLINGENSMITH, JJ., concur.

* * *

2

*Not final until disposition of timely-filed motion for rehearing.*