MONACO, J.
In a pending personal injury accident growing out of a multi-vehicle collision, the petitioners, Commercial Carriers Corporation and Linda Sue Faulkner, who are defendants below, seek certiorari review of the trial court’s order denying their amended motion to consolidate the instant case with three other cases growing out of the same accident. Because we find no abuse of discretion on the part of the trial court, we deny the petition.
The primary reason asserted by the petitioners for the consolidation is to “avoid the prejudicial [sic] unfair and cost prohibitive results of separate trials.” They argue, as well, that judicial economy would be served by a consolidation and that the trial judge should, therefore, be ordered to consolidate these cases.
*740 While an order denying a motion to consolidate is reviewable by certiorari, the ruling rests within the sound discretion of the trial court. Indeed, rule 1.270(a), Florida Rules of Civil Procedure, the rule governing consolidation, notes specifically that when actions involve common questions of law or fact, the court “may” order a joint trial, or “may” order consolidation, or “may” make such other orders as “may” tend to avoid unnecessary costs or delay. That discretion should not be disturbed absent an abuse of discretion. See State Farm Florida Ins. Co. v. Bonham, 886 So.2d 1072, 1074 (Fla. 5th DCA 2004).
The mere fact that separate actions arise out of the same motor vehicle accident does not mandate a consolidation. See Pages v. Dominguez By & Through Dominguez, 652 So.2d 864 (Fla. 4th DCA 1995). A petitioner seeking certiorari relief from a non-final order must still show a departure from the essential requirements of law which results in a material injury that cannot be rectified on final appeal. See Bonham; Lynch v. State, 409 So.2d 133 (Fla. 5th DCA 1982).
Here, the accident, which is described by the petitioners as “highly complex and catastrophic,” involves seventeen people and seven vehicles. The trial court said at the hearing in which it denied the motion of the petitioners that consolidation would be impractical because the trial of one case was imminent, while the trials of others were not. Some cases were years old, while some had been filed less than sixty days earlier. Some had extensive discovery, some had virtually none. Consolidation might well have required a continuance of the already scheduled trial. A trial court needs to have the flexibility to manage its docket and balance the needs and expectations of the parties before it. As the exercise of discretion here was sound, we see no departure from the essential requirements of law in the denial of the motion.
Accordingly, the petition for certiorari is denied.
DENIED.
THOMPSON and PALMER, JJ., concur.